JOSHUA I. NIETO, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 39976

June 11, 2003                                    70 P.3d 747

*Sciscento & Montgomery* and *Joseph S. Sciscento,* Las Vegas,
for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *David J. Roger,*
District Attorney, and *James Tufteland,* Chief Deputy District
Attorney, Clark County, for Respondent.

Before Shearing, Leavitt and Becker, JJ.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying
appellant Joshua I. Nieto's motion for additional credit for time
served in presentence confinement.

On November 2, 2001, Nieto was convicted, pursuant to a guilty plea, of one count of attempted murder. The district court sentenced Nieto to serve a prison term of 60-180 months, and ordered him to pay restitution and extradition fees. Nieto was given credit for 146 days time served. Nieto did not pursue a direct appeal from the judgment of conviction.

On June 5, 2002, with the assistance of counsel, Nieto filed a motion in the district court for additional credit for time served in presentence confinement. The State opposed the motion. On June 17, 2002, the district court denied Nieto's motion without conducting an evidentiary hearing. This appeal followed.[1]

Nieto's sole contention is that he is entitled to additional credit for time served for his period of pretrial confinement in California while awaiting extradition to Nevada. Nieto alleges, and the State concedes, that he was arrested in California pursuant to a fugitive warrant on the instant charges on or about April 11, 2001, and that he was extradited to Nevada on or about June 5, 2001. Nieto also alleges, and the State does not refute, that he "waived extradition and voluntarily requested to come back to Nevada to face the charges." Therefore, Nieto argues that because the charges in Nevada were the sole reason for his incarceration in California, pursuant to NRS 176.055,[2] he is entitled to credit for the time spent in custody from the date of his arrest until his extradition.

The State argues that an application of Nieto's contention would improperly expand upon and violate the purpose of the credit statute as discussed by this court in *Anglin v. State,* which is "to provide credit for confinement . . . where (1) bail has been set for the defendant and (2) the defendant was financially unable to post the bail."[3] The State quotes the Supreme Court of

---

[1]We note that the appropriate means of challenging the computation of time served pursuant to a judgment of conviction is to file a post-conviction petition for a writ of habeas corpus in the district court. In this case, however, we conclude that the procedural label is not of critical importance. *See* NRS 34.724(2)(c); *Pangallo v. State,* 112 Nev. 1533, 1535, 930 P.2d 100, 102 (1996), *limited in part on other grounds by Hart v. State,* 116 Nev. 558, 1 P.3d 969 (2000).

[2]NRS 176.055(1) states in relevant part:

[W]henever a sentence of imprisonment in the county jail or state prison is imposed, the court may order that credit be allowed against the duration of the sentence . . . for the amount of time which the defendant has actually spent in confinement before conviction, unless his confinement was pursuant to a judgment of conviction for another offense.

[3]90 Nev. 287, 292, 525 P.2d 34, 37 (1974); *see also Kuykendall v. State,* 112 Nev. 1285, 1286, 926 P.2d 781, 782 (1996).

New Hampshire in *State v. Harnum* for the proposition that Nieto "has pointed to nothing that demonstrates that the legislature intended to extend pretrial confinement credit to fugitives . . . who are awaiting extradition in another State."[4] The New Hampshire court distinguishes between "awaiting trial" and "awaiting extradition" for purposes of determining when a defendant is in the custody of the state, and has concluded that credit for time served in pretrial confinement is inapplicable where the defendant is not awaiting trial, but is instead awaiting extradition.[5] Further, the State urges this court to follow the logic of the New Hampshire court and conclude that such an interpretation is an impermissible statutory modification and amounts to inserting the phrase "while awaiting extradition" into the language of NRS 176.055.[6]

We disagree with the State's interpretation and conclude that the district court erred in denying Nieto's motion. We find the reasoning in *Harnum* unpersuasive, and note that the overwhelming majority of states allow for the granting of credit for time served in presentence confinement while awaiting extradition when the sole reason for the foreign incarceration is the offense for which the defendant is ultimately convicted and sentenced.[7] NRS 176.055(1) states that a defendant is entitled to credit against a sentence for time "actually spent in confinement before conviction," and makes no distinction between in-state or out-of-state presentence custody. In our view, the granting of credit for pretrial confinement is not nec-

---

[4]697 A.2d 1380, 1382 (N.H. 1997). The statute in question, N.H. Rev. Stat. Ann. § 651-A:23 (1996), states in relevant part:

> Any prisoner who is confined to the state prison, any house of correction, any jail or any other place shall be granted credit against both the maximum and minimum terms of his sentence equal to the number of days during which the prisoner was confined in jail awaiting and during trial prior to the imposition of sentence and not under any sentence of confinement.

*See also* N.H. Rev. Stat. Ann. § 651:3(I) (1996) ("All the time actually spent in custody prior to the time [defendant] is sentenced shall be credited in the manner set forth in RSA 651-A:23 . . . .").

[5]*See Harnum,* 697 A.2d at 1382.

[6]*See id.*

[7]Although the statutes and case law vary widely in form and substance, the following states, at a minimum, allow for the granting of such credit under the right circumstances: Alabama, Arizona, Arkansas, California, Colorado, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Vermont, Washington, West Virginia, Wisconsin, and Wyoming.

essarily limited to the situations discussed in *Anglin*. Therefore, we conclude that a defendant is entitled to credit for time served in presentence confinement in another jurisdiction when that confinement was solely pursuant to the charges for which he was ultimately convicted.

## CONCLUSION

Having considered Nieto's argument and concluded that it is meritorious, we order the judgment of the district court reversed and remand this matter to the district court for an evidentiary hearing to determine the exact amount of additional credit to which Nieto is entitled.[8]

---

[8]At the hearing, the burden remains with Nieto to provide the district court with specific factual information in support of his claim for credit. *See Pangallo,* 112 Nev. at 1536-37, 930 P.2d at 102. We have considered all proper person documents filed or received in this matter and conclude that Nieto is entitled only to the relief described herein. This constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.