**Jeffrey Alexander KANALLY, Petitioner—Appellant,**

v.

**Frankie Sue DEL PAPA; et al., Respondents—Appellees.**

No. 04–15434.

D.C. No. CV–00–00693–ECR/VPC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided March 9, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jason F. Carr, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

John M. Warwick, Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before B. FLETCHER, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Petitioner–Appellant Jeffrey Alexander Kanally appeals from the decision of the United States District Court for the District of Nevada, which denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction to review the district court's decision pursuant to 28 U.S.C. § 2253. We affirm.

The district court held that Kanally is procedurally barred from bringing his ineffective assistance of counsel claim before the federal courts on habeas review because his state habeas petition was dismissed on procedural grounds. The Nevada state courts dismissed Kanally's habeas petition because it was not filed within the state's one-year time limit. *See* Nev.Rev. Stat. 34.726. The federal district court rightly noted that a federal "[c]ourt will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment." Order, CV–N–00–0693–ECR (D.Nev.2003) (quoting *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). To bar federal habeas review a state procedural rule must be adequately established prior to its application in the petitioner's case. *Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991); *Bennett v. Mueller,* 322 F.3d 573, 583–86 (9th Cir.2003); *Cal-*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*deron v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir.1996).

In October 1995, Kanally pled guilty to first degree murder and was sentenced to life in prison with the possibility of parole. In April 1997, he filed a belated Notice of Appeal and a habeas petition in state court. The Nevada Supreme Court dismissed the belated appeal as untimely. The state district court and the state supreme court dismissed the habeas petition as barred by the one-year time limit for filing habeas petitions. *See* Nev.Rev.Stat. 34.726. No state court considered the merits of Kanally's belated direct appeal or habeas appeal.

On appeal to this court, Kanally challenges the adequacy of the one-year time limit's tolling provisions as applied to belated direct appeals and he questions whether habeas appeals seeking to restore the right to direct appeal are covered by the time limit.

## I

■ In Nevada, the one-year time limit for habeas petitions runs from either the "entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the supreme court issues its remittitur." Nev.Rev.Stat. 34.726. Kanally argues that his belated direct appeal is "an appeal taken from the judgment" thus tolling the time clock for filing a habeas petition. But under the Nevada Rules of Appellate Procedure ("NRAP"), a defendant has only thirty days to file a Notice of Appeal. NRAP 4(b). Under this rule, Kanally never filed a legitimate appeal. The Nevada Supreme Court never considered the merits of Ka-

nally's belated appeal because it was not timely filed. Interpreting Nev.Rev.Stat. 34.726 as Kanally suggests would mean a defendant-appellant could restart the one-year time period by filing an untimely appeal that was never considered on the merits by the state courts. The plain language of the statute and NRAP 4(b) indicates that to toll the one-year time limit under Nev.Rev.Stat. 34.726, the appeal from judgment must be properly filed.

## II

■ Kanally's habeas petition argues ineffective assistance of counsel for failure to file an appeal and failure to consult with Kanally on filing an appeal. The petition seeks to restore Kanally's right to a direct appeal. Kanally argues this type of habeas petition is exempt from Nev.Rev.Stat. 34.726 because it is not "a petition that challenges the validity of a judgment or sentence." Nev.Rev.Stat. 34.726. The Nevada Supreme Court dealt with a similar petition in *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (Nev.1994). There, the court applied Nevada's habeas statute as defined under Chapter 34 of the Nevada Revised Statutes. The court gave no indication that a habeas petition alleging ineffective assistance of counsel for failure to file an appeal is exempt from Nevada's habeas rules. Under Nevada case law it appears well-established that all habeas appeals are subject to the same procedural rules.[1]

The state procedural rules applied to Kanally's case were well-established prior to his belated notice of appeal and habeas petition. There is no evidence that the

---

1. There are some post-conviction remedies not subject to Nevada's habeas procedural rules and time limits. These "remedies which are incident to the proceedings in the trial court" are separate from habeas corpus relief. Nev.Rev.Stat. 34.726(2)(a). *See also Pangallo v. State*, 112 Nev. 1533, 930 P.2d 100 (1996); *Edwards v. State*, 112 Nev. 704, 918 P.2d 321 (1996).

Nevada courts have inconsistently applied these rules.

AFFIRMED.