An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GLENN DOUGLAS MOWER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65995

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF REMAND*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted burglary. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant Glenn Douglas Mower contends that the district court erred by failing to award him 141 days' credit for time spent in presentence confinement. We agree.

Mower was a federal parolee when he was arrested and taken into custody after committing the instant offense. The district court denied Mower credit for time served due to his federal parolee status pursuant to NRS 176.055(2)(b). The district court erred because NRS 176.055(2)(b) applies to deny credit to State of Nevada parolees convicted of subsequent offenses, not federal parolees. To the extent that the State now argues on appeal that NRS 176.055(1) also prohibits the awarding of

14-37228

credit for time served in the instant case, we disagree. NRS 176.055(1) does not apply because Mower's confinement was not "pursuant to a judgment of conviction for another offense."

There is no indication in the record before us that federal authorities placed a hold on Mower after his arrest leading to the instant conviction. Further, the State does not challenge the following assertion made by Mower on appeal:

> From the date of arrest through the date of sentencing, the federal government did not issue any writs to obtain custody of appellant. Additionally, there has not been any correspondence or any information indicating that the federal government is seeking custody of appellant; except for . . . a written statement made by the Presentence Investigation [report] writer that the federal government would seek parole revocation after the Nevada case is completed.

It appears that Mower was taken into custody and confined solely due to the instant offense and is entitled to credit for the time served prior to his sentencing. *See State v. Dist. Ct. (Jackson)*, 121 Nev. 413, 416, 116 P.3d 834, 836 (2005) ("[D]espite its discretionary language, the purpose of NRS 176.055 is to 'ensure that all time served is credited towards a defendant's ultimate sentence.'" (quoting *Kuykendall v. State*, 112 Nev. 1285, 1287, 926 P.2d 781, 783 (1996))). Therefore, this matter must be remanded to

the district court for the awarding of 141 days' credit for time served and the amending of Mower's judgment of conviction. Accordingly, we

ORDER this matter REMANDED to the district court for proceedings consistent with this order.[1] [2]

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

---

[1]The fast track statement submitted by Mower does not comply with the Nevada Rules of Appellate Procedure because the procedural history and statement of facts do not contain any citations to the record. *See* NRAP 3C(e)(1)(C) and NRAP 28(e)(1). Counsel for Mower is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

[2]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

cc: Hon. Valorie J. Vega, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk