An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| REESE ROBERT WALDRON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 66996 |
| REESE ROBERT WALDRON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 66997 |

**FILED**

JUL 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

These are pro se appeals from orders of the district court denying a post-conviction petition for a writ of habeas corpus and a motion to amend judgment of conviction for additional presentence credits.[1] Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

*Docket No. 66996*

In his petition filed on September 18, 2014, appellant claimed that his speedy trial rights under the Interstate Agreement on Detainers were violated, Nye County did not have jurisdiction over the crimes because they occurred in Clark County,[2] his conviction for crimes in both

---

[1]These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the records are sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's claim did not implicate the jurisdiction of the district court but rather challenged the venue of the court. Nev. Const. art. 6, § 6, NRS 171.010; NRS 171.030.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22059

Clark County and Nye County amounts to double jeopardy, and incorrect information was included in the presentence investigation report. These claims fell outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. NRS 34.810(1)(a).

Next, appellant claimed that his counsel was ineffective regarding a lack of communication on direct appeal. This claim failed under NRS 34.810(1)(a) because it did not challenge counsel's effectiveness in relation to entry of the guilty plea.

Next, appellant claimed that trial counsel was ineffective for promising him that he would receive a sentence of 12 to 32 months to run concurrently with his sentence in another case. We conclude that appellant failed to demonstrate that his counsel was ineffective in this regard as the record indicates that this was not a term of the stated plea negotiations and during the plea canvass appellant acknowledged that no promises had been made to induce his guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996).

Next, appellant claimed that trial counsel was ineffective for failing to argue for 281 days of presentence credits. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced because he did not demonstrate that his confinement in California was solely pursuant to the charges in this case. *See Hill*, 474 U.S. at 58-59; *Kirksey*, 112 Nev. at 988, 923 P.2d at 1107; *see also* NRS 176.055(1); *Nieto v. State*, 119 Nev. 229, 231, 70 P.3d 747, 748 (2003).

Next, appellant claimed that trial counsel was ineffective for failing to file a motion to dismiss based upon a violation of the Interstate

Agreement on Detainers. Appellant failed to allege that any alleged deficiencies in counsel's performance would have had a reasonable probability of altering his decision to enter a guilty plea, and thus he failed to demonstrate that his counsel was ineffective. *See Hill*, 474 U.S. at 58-59; *Kirksey*, 112 Nev. at 988, 923 P.2d at 1107. Further, appellant failed to demonstrate that a motion to dismiss would have been meritorious as he did not demonstrate that the "proof" of his demand for his speedy trial rights complied with NRS 178.620 (Article III), that the demand for trial was actually delivered to the State of Nevada, *see Fex v. Michigan*, 507 U.S. 43, 52 (1993); *McNelton v. State*, 115 Nev. 396, 414, 990 P.2d 1263, 1275 (1999), or that he was even qualified to submit a demand because he appears to have been incarcerated in jail as a condition of supervised release when he submitted his demand, *see State v. Wade*, 105 Nev. 206, 208-10, 772 P.2d 1291, 1293-94 (1989). Therefore, we affirm the order of the district court denying the petition.[3]

*Docket No. 66997*

In his motion to amend the judgment of conviction, appellant claimed that he should have received an additional 251 days of credit for time served in California. Preliminarily, we note that appellant sought presentence credit in the wrong vehicle as a post-conviction petition for a writ of habeas corpus is the exclusive remedy for a claim for additional presentence credit. *See Griffin v. State*, 122 Nev. 737, 744, 137 P.3d 1165,

---

[3]To the extent that the district court determined that all of the claims were outside the scope of claims permissible, *see* NRS 34.810(1)(a), we conclude that this was error. We nevertheless affirm the order of the district court because the correct result was reached. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

1169 (2006). Even assuming that appellant's use of the wrong vehicle could be overlooked, appellant's claim for additional presentence credits lacked merit for the reason set forth above. Therefore, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Robert W. Lane, District Judge
Reese Robert Waldron
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk