142 Nev., Advance Opinion 3

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MARK JAMES ROGERS, A/K/A MARK JOSEPH HEYDUK, A/K/A TEEPEE FOX, Appellant, vs. THE STATE OF NEVADA AND THE NEVADA DIVISION OF PUBLIC AND BEHAVIORAL HEALTH, Respondents. | No. 88753 FILED JAN 15 2026 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court civil commitment order. Eleventh Judicial District Court, Pershing County; William A. Maddox, Senior Judge.

*Affirmed.*

Kirsty E. Pickering Attorney at Law and Kirsty E. Pickering, Ely; Steven W. Cochran, Public Defender, Pershing County,
for Appellant.

Aaron D. Ford, Attorney General, and Jeffrey M. Conner, Chief Deputy Solicitor General, Carson City,
for Respondent Nevada Division of Public and Behavioral Health.

Aaron D. Ford, Attorney General, Carson City; R. Bryce Shields, District Attorney, Pershing County,
for Respondent State of Nevada.

_____

BEFORE THE SUPREME COURT, HERNDON, C.J., and BELL and STIGLICH, JJ.

*OPINION*

By the Court, HERNDON, C.J.:

Appellant Mark James Rogers received habeas relief in federal court, resulting in his state criminal conviction and sentence being vacated. Although the State sought to retry Rogers, the state district court found Rogers incompetent to stand trial. After finding that Rogers has a mental disorder and poses a risk of danger to himself and others, the district court ordered Rogers committed to a forensic mental health facility until Rogers qualifies for conditional release or reaches the statutory maximum term for such a commitment. Though Rogers argues that the district court was required to credit the time he served in prison under the vacated judgment of conviction against the duration of the civil confinement, the statutory framework governing credit for time served allows for crediting preconviction confinement only against the duration of the sentence imposed for a criminal conviction. Because the civil commitment scheme is not punitive but a preventive, treatment-oriented measure aimed at protecting both the individual and the community, the rationale for allowing credit against the duration of a criminal sentence does not apply. Thus, the district court properly rejected Rogers' claim that the time served in prison under the vacated judgment of conviction should offset any period of civil commitment.

## FACTS AND PROCEDURAL HISTORY

Rogers was convicted of attempted murder, grand larceny of a vehicle, and three counts of first-degree murder. Rogers was sentenced to death for the murders and a prison term for the other two crimes. We affirmed Rogers' convictions and sentence on direct appeal. *Rogers v. State*, 101 Nev. 457, 470, 705 P.2d 664, 673 (1985). Decades later, a federal district




court granted Rogers' habeas petition, finding that Rogers received ineffective assistance of counsel in presenting an insanity defense. *Rogers v. Gittere*, No. 3:02-cv-00342-GMN-WGC, 2019 WL 4655894, at *19-20 (D. Nev. Sept. 23, 2019). The Ninth Circuit Court of Appeals affirmed that decision. *Rogers v. Dzurenda*, 25 F.4th 1171, 1197-98 (9th Cir. 2022). Consistent with the federal court's decision, the judgment of conviction was later vacated.

The State refiled the criminal complaint, and Rogers challenged his competency to stand trial. After a competency evaluation and hearing, the district court found Rogers incompetent and dismissed the complaint without prejudice under NRS 178.425(5). The State then filed a motion for civil commitment under NRS 178.461. Rogers opposed the motion, arguing that civil commitment may not exceed 10 years and he had already spent far more than that in State "custody and treatment." In particular, Rogers argued that NRS 176.055 required that the district court afford him credit against the duration of the civil commitment for the amount of time he had spent in prison under the vacated judgment of conviction.

After a hearing, the district court granted the State's motion. The court found clear and convincing evidence, which included the results of a risk assessment evaluation, that Rogers has a mental disorder and poses a danger to himself and others under NRS 178.461(3) and that his dangerousness is such that he requires placement at a forensic facility. The district court therefore ordered that Rogers be committed to a forensic facility until he becomes eligible for conditional release under NRS 178.463(2) or reaches the maximum length for civil commitment under NRS 178.461. As to Rogers' argument that he should be credited for the time served in prison under the vacated judgment of conviction, the district court

(O) 1947A

concluded that "due to this being a civil matter, NRS 176.055 regarding time served does not apply." The district court directed Rogers' status to be reviewed annually. This appeal followed.

## DISCUSSION

Rogers does not challenge the findings supporting the commitment but challenges the resulting confinement, arguing that the district court erred by refusing to credit that confinement with the time Rogers spent in prison under the vacated judgment of conviction. Rogers bases his argument on two statutes, NRS 176.055 and NRS 178.463. Resolving Rogers' challenge thus presents issues of statutory interpretation, which we review de novo. *Simmons v. Briones*, 133 Nev. 59, 61, 390 P.3d 641, 643 (2017).

### NRS 176.055 does not apply to civil commitment

Rogers argues that NRS 176.055 requires the district court to give him credit against the duration of the civil commitment term for the "over 40 years" he spent in prison for his criminal convictions. Rogers misreads NRS 176.055.

NRS 176.055(1) provides, with some exceptions not relevant to this decision, that "whenever a sentence of imprisonment in the county jail or state prison is imposed, the court may order that credit be allowed against the duration of the sentence . . . for the amount of time which the defendant has actually spent in confinement before conviction." As its plain language makes clear, the statute limits credit to sentences imposed after a criminal conviction. Our decisions in other cases are aligned with this plain language reading. *See Johnson v. State*, 120 Nev. 296, 299, 89 P.3d 669, 671 (2004) (explaining that NRS 176.055 ensures that time served in pretrial custody is credited toward a defendant's ultimate prison sentence). Other jurisdictions applying analogous statutes or rules have similarly held




that credit applies only when the confinement relates to punishment for a criminal conviction and not when the individual is held under a civil commitment or unrelated order. *See, e.g., State v. Johnson,* 744 N.W.2d 376, 379-80 (Minn. 2008) (holding that a defendant could not receive credit for time spent in a secure treatment facility when the placement stemmed from a prior civil commitment unrelated to criminal charges); *Sanchez v. State,* 949 So. 2d 1059, 1064-65 (Fla. Dist. Ct. App. 2007) (holding that a defendant was not entitled to jail credit for time spent in civil detention after criminal charges were dismissed and the defendant was committed for treatment); *see also State v. Trepanier,* 855 N.W.2d 465, 470 (Wis. Ct. App. 2014) ("[A] defendant is not entitled to sentence credit for periods of presentence custody during which the defendant was serving an unrelated sentence.").

Rogers cites *State v. Second Judicial District Court (Jackson)* as authority supporting his interpretation, but that decision addresses only how NRS 176.055 operates when a court applies credit for presentence confinement toward a *criminal* sentence. 121 Nev. 413, 416-17, 116 P.3d 834, 836 (2005). Nothing in that decision supports the conclusion that NRS 176.055 extends beyond a sentence imposed for a criminal conviction or that it applies when no conviction exists. Here, the district court dismissed the refiled criminal complaint after finding Rogers incompetent to stand trial, leaving no conviction or sentence to which credit could attach.

Nevada's statutory structure reinforces this distinction. Criminal sentencing authority arises only upon conviction, *see* NRS 193.130, while civil commitment under NRS 178.461 follows dismissal of charges based on incompetency and is not punitive. To be sure, civil commitment serves protective and therapeutic aims rather than punitive

ends. The district court may order civil commitment only if it finds by clear and convincing evidence that the incompetent individual poses a danger to themself or others and the individual's dangerousness is such that they require placement at a secure forensic facility. NRS 178.461(3). Such facilities provide treatment and evaluation before any potential release into the community, NRS 175.539(5), rendering criminal sentencing credit inapplicable. Other courts have observed the same underlying principles in evaluating claims that time served on criminal charges should offset a civil commitment, explaining that the need for treatment, not the length of a prior term of incarceration, governs the duration of commitment. *State v. Bomar*, 19 P.3d 613, 616-18 (Ariz. Ct. App. 2001). And they emphasize that civil commitment remains distinct from criminal punishment because its purpose and procedures rest on different standards that focus on mental health and public safety. *Closs v. S. Dakota Bd. of Pardons & Paroles*, 656 N.W.2d 314, 317-21 (S.D. 2003). These principles show that applying criminal custody credits to a civil commitment period would risk releasing someone prematurely and would diminish the central role that treatment plays in this setting. Accordingly, the district court properly determined that NRS 176.055 provides no basis to reduce Rogers' term of civil commitment.

*NRS 178.463 does not authorize credit for time that Rogers did not spend on conditional release*

As noted, Rogers also claims that NRS 178.463 offers a basis to reduce the duration of his civil commitment. That statute governs civil commitment review and addresses the maximum length of the period of conditional release. Rogers has not yet received a conditional release from the forensic facility, and NRS 178.463 applies only when such release has

occurred. Because Rogers has remained continuously confined, NRS 178.463 provides no mechanism for credit.

## CONCLUSION

As Nevada's statutory framework confirms, the purposes underlying civil commitment differ fundamentally from those underlying criminal punishment, and the custody-credit provisions in NRS 176.055 do not extend across that divide. NRS 176.055's custody-credit formula applies only to sentences imposed after conviction for a criminal offense, and Rogers has no such sentence to which credit may attach. NRS 178.463 applies only when a person has been conditionally released, a circumstance not presented here. Because these statutes do not provide a basis to shorten the length of Rogers' civil commitment, his arguments fail and the district court properly rejected them. Accordingly, we affirm the district court's order.

_____, C.J.
Herndon

We concur:

_____, J.
Bell

_____, J.
Stiglich