WARDEN, NEVADA STATE PRISON, APPELLANT, *v.* BOBBY RAY OWENS, RESPONDENT.

No. 9080

April 28, 1977                                        563 P.2d 81

[Rehearing denied May 20, 1977]

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Appellant.

*Rodlin Goff,* State Public Defender, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Respondent was convicted by jury of second degree murder and sentenced by the Eighth Judicial District Court to a term of ten years imprisonment in the Nevada State Prison. Thereafter, respondent perfected no appeal from this conviction and sentence, but petitioned the First Judicial District Court for a writ of habeas corpus. Although he did not challenge any infirmities, constitutional or otherwise, in the trial or sentence, respondent contended he was being illegally detained because his retained attorney had failed to advise him of his right to appeal. In an apparent attempt to resurrect respondent's right to a direct appeal, the First Judicial District Court granted respondent's petition, vacated his conviction, and "remanded" him to the Eighth Judicial District Court with instructions to that court to reimpose the judgment of conviction and sentence. The State contends the First Judicial District Court exceeded its jurisdiction by such action. We agree.

In habeas corpus proceedings, a district court may not order relief which is beyond its power or authority. *Cf.* State v. Ricci, 88 Nev. 220, 495 P.2d 614 (1972). The First Judicial District Court had no jurisdiction to vacate the other court's valid judgment of conviction and sentence, and direct that court how to proceed. Nev. Const. art. 6, § 6; NRS 3.190.

The order granting the habeas petition is reversed without prejudice to respondent's right to seek such relief, if any, to which he may be entitled under our Post-Conviction Relief Act, NRS 177.315 *et seq.*