SHAWN LEE ROHLFING, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE BRENT T. ADAMS, JUDGE OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, Respondent.

No. 21157

December 20, 1990                                        803 P.2d 659

*David G. Parraguirre,* Public Defender, and *Karen Grifall,* Deputy, Washoe County, for Petitioner.

*Mills Lane,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Petitioner (Rohlfing) was charged by information with one count each of grand larceny and possession of a stolen motor vehicle. Judge Breen subsequently ordered Rohlfing to undergo a psychiatric examination to determine his competency to stand trial. Judge Wright later determined that Rohlfing was incompetent, and committed him to Lake's Crossing until he regained his competency.

Judge Schouweiler later determined that Rohlfing was competent to stand trial. The trial commenced on April 10, 1989, before the Honorable James J. Guinan in Department 6 of the Second Judicial District Court. Pursuant to a pretrial motion in limine filed by the state, Judge Guinan precluded Rohlfing from presenting as a part of his defense evidence of diminished capacity. During the course of Rohlfing's defense, Dr. Jerry Howle (Howle) testified that he first met Rohlfing when he participated in a competency evaluation at Lake's Crossing. Thereafter, on cross-examination, the prosecutor asked Howle several questions regarding Rohlfing's competency. On redirect, defense counsel asked Howle how he determines competency. The district court interrupted this line of questioning, and directed counsel to stop asking questions regarding competency. Defense counsel then asked Howle questions regarding Howle's experience determining the competency of individuals who are charged with crimes. At that point, Judge Guinan sent the jury out and asked the prosecutor if he wished to make a motion for a mistrial. The prosecutor made the motion, and Judge Guinan granted the motion and discharged the jury. The court reconvened in chambers, where it allowed the parties to make a record regarding the

motion for a mistrial. Defense counsel objected to the mistrial, claiming that manifest necessity did not require a mistrial.

On April 13, 1989, the state filed in the district court an application to reset Rohlfing's case for trial. Rohlfing responded on April 20, 1989, by filing in the district court a motion to dismiss the criminal charges pending against him. Rohlfing argued in that motion that double jeopardy precluded the state from conducting a retrial in his case. The state opposed the motion to dismiss.

The motion to dismiss was heard on May 25, 1989. Because of the rotating criminal calendar in the Second Judicial District Court, the motion was heard by Judge McGee. Neither party objected to this procedure. On June 8, 1989, Judge McGee entered an order granting the motion to dismiss.

The state did not appeal the order granting the motion to dismiss. On July 3, 1989, Judge Guinan entered an order declaring void Judge McGee's order granting the motion to dismiss. That order also purported to deny Rohlfing's motion to dismiss.

Rohlfing responded to this action by filing a motion to vacate Judge Guinan's order. The state opposed Rohlfing's motion. During the pendency of that motion, the state filed in the district court a motion to set the case for trial. Senior Judge Barrett denied that motion.

On September 27, 1989, Rohlfing's motion to vacate was heard by Judge Guinan's successor in office, the Honorable Brent T. Adams. Judge Adams denied the motion after hearing extensive arguments.

Sometime after Judge Adams issued his ruling, the state filed in the district court another motion to set Rohlfing's case for trial. That motion was scheduled for hearing before Judge Agosti. Judge Agosti did not have the file available to her at the time of the hearing; therefore, she did not rule on that motion.

On November 2, 1989, after a hearing, Judge Adams issued a warrant for Rohlfing's arrest.[1] This proceeding followed.

In his order granting Rohlfing's motion to dismiss, Judge McGee stated, among other things:

> In this judge's opinion, Judge Guinan faced a situation where the jury was inescapably exposed to forbidden competency testimony, but under the unique circumstances, *any* trial in [Rohlfing's case] is going to inescapably expose the jury to expert testimony on capacity issues, some of which mirrors those otherwise forbidden by the court. The only

---

[1]This was necessary because Rohlfing was released from the county jail when Judge McGee granted his motion to dismiss.

reasonable procedure is to direct the jury to ignore general competency evidence and focus only on the special capacity matter raised as a defense.

With great deference to Judge Guinan's experience and his right to run his own case, I honestly disagree with his ruling [granting the state's motion for a mistrial].

In his order declaring Judge McGee's order void, Judge Guinan stated:

[Rohlfing's motion to dismiss], being a post-trial motion, should have been presented to this department, but it was erroneously presented to Department 2. The judge in Department 2 erroneously entertained the motion, and in a decision filed June 8, 1989, purported to overrule this department by holding the declaration of mistrial unnecessary. He, therefore, granted the motion to dismiss the information.

The decision of this department was the law of the case, and no other district judge, being without appellate jurisdiction, could overrule it. The decision of the judge in Department 2 is, therefore, void.

This Court has read the points and authorities on the motion to dismiss. It is the opinion of the Court that the motion is without merit and is denied.

It was and is the opinion of this Court that the trial in this case, because of the introduction of testimony concerning mental competence, and the efforts of the defense to present a defense of diminished capacity, had reached a point where the instructions to the jury could not have prevented the jury from considering competency and diminished capacity in their deliberations, and that, therefore, the declaration of mistrial was necessary.

Further, when Judge Adams ruled on Rohlfing's motion to vacate Judge Guinan's order, he stated that he read the transcript of what occurred in Judge Guinan's chambers after he discharged the jury in the *Rohlfing* case. He then stated:

Judge Guinan, I think, expressly sets forth his basis for the mistrial and in the context of a discussion by the Defense concerning double jeopardy, found that the mistrial was necessary. I think Judge McGee acknowledged that in his decision. In fact, Judge McGee characterizes his decision as an honest disagreement with Judge Guinan but I don't believe honest disagreement can be the subject of orders by judges of this bench which have as their effect the reversal of prior decisions by judges of this bench.

Rohlfing asserts that Judge Guinan violated DCR 18(1) when he vacated, *sua sponte,* the order of Judge McGee granting Rohlfing's motion to dismiss. Therefore, Rohlfing argues that the respondent Judge Adams exceeded his jurisdiction when he determined that Judge Guinan properly vacated Judge McGee's order. We agree.

A writ of prohibition may be issued if a lower court acts in excess of its jurisdiction. *See* Goicoechea v. District Court, 96 Nev. 287, 607 P.2d 1140 (1980). The district courts of this state have equal and coextensive jurisdiction; therefore, the various district courts lack jurisdiction to review the acts of other district courts. *See* Nev. Const. art. 6, § 6; NRS 3.220; Warden v. Owens, 93 Nev. 255, 563 P.2d 81 (1977).

DCR 18(1) provides:

> When any district judge shall have entered upon the trial or hearing of any cause, proceeding or motion, or made any ruling, order or decision therein, no other judge shall do any act or thing in or about such cause, proceeding or motion, unless upon the written request of the judge who shall have first entered upon the trial or hearing of such cause, proceeding or motion.

We note, however, that DCR 5 provides in pertinent part:

> These rules cover the practice and procedure in all actions in the district courts of all districts where no local rule covering the same subject has been approved by the supreme court. Local rules which are approved for a particular judicial district shall be applied in each instance whether they are the same as or inconsistent with these rules.

WDCR 2(2) provides:

> One or more judges selected by the district judges shall preside over the criminal division. The judge of department number 1 shall be the first judge of the criminal division. The judge or judges of the criminal division shall change every month, with each judge serving as such in rotating numerical order.

In the present case, Rohlfing filed his motion to dismiss in the ordinary course of the criminal litigation pending against him. Because the motion was filed in the same month that his trial was held, it should have been heard by Judge Guinan in Department 6. *See* WDCR 2(2), *supra.* Examination of the front page of that

motion reveals that it designates "Dept. No. 6/8."[2] The problem was created when the hearing on the motion was scheduled for the month *after* the granting of the motion for a mistrial. Pursuant to the normal operation of WDCR 2(2), the hearing was held before Judge McGee. As noted earlier in this opinion, no party objected to this procedure.

When Judge McGee entered his order dismissing the information against Rohlfing, the state's remedy was to appeal that decision to this court. *See* NRS 177.015(1)(b). The state chose not to take this course of action. On July 3, 1989, Judge Guinan entered an order, *sua sponte,* declaring void the order of Judge McGee. Because of the rotating procedure for assignment of judges in criminal matters in the second judicial district, Judge Guinan's order was clearly inappropriate. *See* Nev. Const. art. 6, § 6 (setting the jurisdiction of the district courts); NRS 3.220 (providing that district court judges possess equal, coextensive and concurrent jurisdiction and power); Warden v. Owens, 93 Nev. 255, 563 P.2d 81 (1977) (holding that a district court lacks jurisdiction to vacate another district court's judgment of conviction and remand a case to another district court).

In light of the above, we conclude that Judge Guinan exceeded his jurisdiction when he declared void Judge McGee's order dismissing the state's case against Rohlfing. Therefore, we direct the clerk of this court to forthwith issue a writ of prohibition enjoining enforcement of Judge Guinan's order of July 3, 1989, and also prohibiting further prosecution of Rohlfing in case nos. CR88-1053 and CR88-1054.

---

[2]The designation of two departments in this manner does not appear unusual. The order entered by Judge Breen directing a competency evaluation designates "Dept. No. 6/7" as the proper department. Further, the points and authorities filed in support of Rohlfing's motion to dismiss designates Dept. No. 1/2 as the correct department. *See* Supplemental Exhibits, Points and Authorities in Support of Motion to Dismiss, filed May 10, 1989. Other documents filed below do not designate a department for Rohlfing's case.