THE STATE OF NEVADA, STATE ENGINEER, AND WATER COMMISSIONERS OF THE HUMBOLDT WATER DISTRIBUTION DISTRICT, APPELLANTS, v. JOHN SUSTACHA AND JOAN SUSTACHA, RESPONDENTS.

No. 22361

March 5, 1992                                      826 P.2d 959

*Frankie Sue Del Papa,* Attorney General, *Margaret A. Twedt,* Deputy Attorney General, Carson City, for Appellants.

*Marvel & Hansen,* Elko, for Respondents.

# OPINION

*Per Curiam:*

In 1930 and 1935, the Sixth Judicial District Court entered two decrees that adjudicated rights to the water in the Humboldt River and its tributaries (the "Humboldt Stream System"). These decrees are collectively referred to as the "Humboldt Decree." The respondents, Joan and John Sustacha ("Sustachas") own water rights adjudicated by this decree.

In 1956, the Fourth Judicial District Court entered a judgment requiring the Humboldt Water Distribution District Supervising Water Commissioner to measure the total water flow into a section of the Humboldt Stream System and the particular flow assigned to each user of this section during the irrigation season. This particular section of the Humboldt Stream System crosses the Sustachas' property. In addition, the Sustachas' adjudicated water rights involve this section of the Humboldt Stream System.

In 1988, the Sixth Judicial District Court entered an order holding the Sustachas in "indirect civil contempt" of the Humboldt Decree.[1] The court gave the Sustachas the choice of complying with one of three remedial alternatives; otherwise, the Sustachas' water rights would be terminated forever. The Sustachas chose an alternative that required them to submit a preliminary plan for repairs and construction on their water delivery system so that it would be sufficiently tamper-proof. The Sustachas then submitted this preliminary plan.

In 1989, the Sixth Judicial District Court issued an order clarifying its 1988 order; in this 1989 order, the court described the specific repairs and changes that the Sustachas needed to make in order to improve their water delivery system. This order

---

[1] Specifically, the district court found that the Sustachas had done the following: (1) used water from the Humboldt Stream System in a manner and time not prescribed; (2) used more than their appropriated amount of water; and/or (3) diverted water in excess of their allotment; and (4) interfered with the water delivery system.

gave the Sustachas forty-five days to complete their changes, otherwise "the officers of [the court] . . . [would] shut off any and all water adjudicated for the benefit of the [Sustachas]." The Sustachas did not complete these required changes within the forty-five day period.

In 1991, the appellants, Humboldt Water Distribution District Commissioners and the State Engineer ("State"), filed a complaint against the Sustachas in the Fourth Judicial District Court. The State alleged that the Sustachas had wrongly interfered with its water distribution duties under the 1956 Fourth Judicial District Court judgment (to measure the total water flow into a section of the Humboldt Stream System and the particular flow assigned to each user during the irrigation season) and under the 1988 and 1989 Sixth Judicial District Court orders.[2] The State also filed a motion for a preliminary injunction.

Subsequently, the Fourth Judicial District Court entered an order; in this order, the Fourth Judicial District Court concluded that the water commissioners should have reasonable ingress and egress (including vehicular access) over the Sustachas' property to carry out their duties under the 1956 Fourth Judicial District Court judgment. In addition, the Fourth Judicial District Court determined that the Sixth Judicial District Court's 1988 and 1989 orders are void because they exceed the statutory limits on contempt penalties.

On appeal, the State asserts that the Fourth Judicial District Court erred in voiding the Sixth Judicial District Court's orders because it lacked authority to review these orders. We agree. In *Rohlfing v. District Court*, 106 Nev. 902, 906, 803 P.2d 659, 662 (1990), we recognized that "[t]he district courts of this state have equal and coextensive jurisdiction; therefore, the various district courts lack jurisdiction to review the acts of other district courts." *See* NRS 3.220 (district judges "possess equal coextensive and concurrent jurisdiction and power"). We thus concluded in *Rohlfing* that a district judge had exceeded his jurisdiction when he, *sua sponte*, entered an order declaring another judge's order void.

Similarly, in Warden v. Owens, 93 Nev. 255, 563 P.2d 81 (1977), we reversed a district court order granting relief from

---

[2]Specifically, the State asserted that the Sustachas had refused to allow the water commissioners to drive across their land to access the relevant section of the Humboldt Stream System, and that the water commissioners were thus forced to walk one mile across the Sustachas' property. In addition, the State asserted that the Sustachas had interfered with the water commissioners' duty to shut off the Sustachas' water supply pursuant to the 1988 and 1989 Sixth Judicial District Court orders.

another district court's order. The respondent had been convicted by a jury and sentenced by the Eighth Judicial District Court. Thereafter, the respondent did not pursue a direct appeal, but filed a petition for writ of habeas corpus in the First Judicial District Court; the First Judicial District Court granted habeas corpus relief. In reversing the First Judicial District Court, we stated that "[t]he First Judicial District Court had no jurisdiction to vacate the other court's valid judgment of conviction and sentence." *Id.* at 256, 563 P.2d at 82.

Thus, under the above cases, one district court generally cannot set aside another district court's order.[3] In addition, the Nevada Constitution provides that the district courts have appellate jurisdiction only in cases arising in justices' courts and "other inferior tribunals." Nev. Const. art. 6, § 6. Only this court is given general appellate jurisdiction: "The supreme court shall have appellate jurisdiction in all civil cases arising in district courts, and also on questions of law alone in . . . criminal cases . . . ." Nev. Const. art. 6, § 4. Thus, only this court has jurisdiction to review the Sixth Judicial District Court's orders.

Because the Humboldt Decree adjudicates Humboldt Stream System water rights and was issued by the Sixth Judicial District Court, we conclude that litigation concerning Humboldt Stream System water rights should be carried out and resolved only in the Sixth Judicial District Court. For the reasons stated above, we hereby vacate the portion of the Fourth Judicial District Court's order that voids the Sixth Judicial District Court's 1988 and 1989 orders.[4]

---

[3]The Sustachas contend that the Fourth Judicial District Court had authority to review the Sixth Judicial District Court's orders under the doctrine of collateral attack because the Sixth Judicial District Court's orders are void. In *Smith v. District Court*, 63 Nev. 249, 256-57, 167 P.2d 648, 651 (1946), we explained that a judgment is generally not subject to collateral attack "if *the court which rendered it had jurisdiction of the subject matter and of the parties.*" Thus, only a void judgment is subject to collateral attack; a judgment is void only if the issuing court lacked personal jurisdiction or subject matter jurisdiction; otherwise the judgment is, at most, voidable and not subject to a collateral attack. *See* 49 C.J.S. *Judgments* § 401, at 792 (1947 & supp. 1991);46 Am.Jur.2d *Judgments* §§ 621-56 (1969 & supp. 1991). In the present case, the Sixth Judicial District Court had both personal and subject matter jurisdiction when it entered its 1988 and 1989 orders. Therefore, the orders are not void and the doctrine of collateral attack does not apply.

[4]THE HONORABLE CLIFF YOUNG, Justice, voluntarily recused himself from participation in the decision of this appeal.