130 Nev., Advance Opinion 70

IN THE SUPREME COURT OF THE STATE OF NEVADA

LARRY EDWARD MAJOR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62819

**FILED**

AUG 28 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a guilty plea, of child abuse. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

*Affirmed.*

Jeremy T. Bosler, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Richard A. Gammick, District Attorney, and Jennifer P. Noble, Deputy District Attorney, Washoe County,
for Respondent.

---

BEFORE PICKERING, PARRAGUIRRE and SAITTA, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we consider whether a district court has jurisdiction to impose restitution to the State for the cost of child care in a child abuse case where a family court has already imposed an obligation on the defendant for the costs of supporting the child. We conclude that

14-28430

the district court has jurisdiction to impose such restitution but that the district court must offset the restitution amount by the amount of the support obligation imposed by the family court.

## FACTS

The State placed appellant Larry Major's daughter in the custody of Washoe County Social Services (Social Services) following his 2012 arrest for child abuse. A family court hearing master ordered Major to pay child support in the amount of $100 per month directly to Social Services. A family court district judge affirmed that order. The child was in the care of Social Services for approximately seven months.

Major entered a guilty plea to one felony count of child abuse. Social Services sought restitution in the amount of $20,362.07. Ida Peeks, a fiscal compliance officer for Social Services, testified that Social Services based this amount on the amount it charges other agencies for the cost of care provided to children placed in Kids Kottage, where Social Services housed Major's daughter. Social Services bases this rate on the costs of running Kids Kottage, including overhead and salaries. Peeks also testified that Social Services may receive reimbursement for the cost of care from the federal government for children who meet certain eligibility requirements. Peeks did not know whether Major's daughter met these requirements or if Social Services received any reimbursement for her care.

Major objected to the amount sought by Social Services on the basis that the family court had already entered a cost-of-care order. Following oral argument on the issue, the district court concluded that the family court's order, which was based on Major's ability to pay, did not affect the jurisdiction of the district court as to its criminal restitution order. Accordingly, the district court ordered Major to pay restitution to

Social Services in the amount of $19,662.07. This amount reflected an offset of $700 for the amount Major incurred from the support obligation imposed by the family court. Major now brings this appeal.

## DISCUSSION

On appeal, Major argues that: (1) the district court lacked jurisdiction to order him to pay restitution for the total cost of his daughter's care because the family court previously ordered him to pay $100 per month for the cost of care; and (2) if the district court had jurisdiction, there was insufficient evidence to support the amount of the restitution award.

*The district court had jurisdiction to order Major to pay restitution*

Major argues that the district court lacked jurisdiction to order him to pay $19,662.07 in restitution to Social Services for the cost of his daughter's care because the family court had already ordered him to pay child support to Social Services in the amount of $100 per month. This is an issue of first impression in Nevada.

According to Major, the district court was improperly modifying or reviewing the family court's support order when it imposed restitution. We disagree with that characterization. Family courts have original, exclusive jurisdiction over matters affecting the familial unit, including child support. NRS 3.223(1); *Landreth v. Malik*, 127 Nev. ___, ___, 251 P.3d 163, 169 (2011). We have held that family court judges "are district court judges with authority to preside over matters outside the family court division's jurisdiction." *Landreth*, 127 Nev. at ___, 251 P.3d at 164.

Although district courts lack jurisdiction to review or modify actions of other district courts, *Rohlfing v. Second Judicial Dist. Court*, 106 Nev. 902, 906, 803 P.2d 659, 662 (1990), we conclude that the district

Supreme Court
OF
Nevada

(O) 1947A

3

court's order imposing restitution did not constitute a review or modification of the family court's support obligation.

In this case, the family court lacked the power to grant restitution to compensate for the costs of child care imposed on the State by Major's criminal acts, as the power to grant restitution to crime victims is statutory, not inherent to a district court. *Martinez v. State*, 115 Nev. 9, 10, 974 P.2d 133, 134 (1999) (quoting *State v. Davison*, 809 P.2d 1374, 1375 (Wash. 1991)). NRS 176.033(1)(c) provides that a sentencing court may award restitution to the victims of a crime upon a criminal conviction. Thus, although a family court judge has the same authority as a district court judge, NRS 176.033(1)(c) limits the power of a district court judge to award restitution to victims of crimes to the sentencing phase of a criminal proceeding.

Statutes also circumscribe a family court's authority to award child support. NRS 125B.070 and NRS 125B.080 provide that the amount of a parent's support obligation is calculated based on the gross monthly income of the parent or a minimum payment of $100. This amount is presumed to be sufficient to meet the basic needs of the child. NRS 125B.080(5). The purpose of child support is to prevent the child from experiencing the effects of poverty and becoming a charge of the State, *Rodriguez v. Eighth Judicial Dist. Court*, 120 Nev. 798, 812, 102 P.3d 41, 50 (2004), and there is no statutory authority for increasing the amount where the parent's support obligation arose from a criminal act.

The purpose of restitution in the context of a criminal case, however, is to compensate a victim for costs arising from a defendant's criminal act. *Martinez v. State*, 120 Nev. 200, 202-03, 88 P.3d 825, 827 (2004). Although we have recognized that there are limited circumstances

wherein the State may be considered the victim of a crime for purposes of restitution, *see Igbinovia v. State*, 111 Nev. 699, 706-07, 895 P.2d 1304, 1308-09 (1995) (concluding that a police department was not entitled to restitution as a victim for the cost of setting up a drug transaction), we have held that the State was a victim for purposes of awarding restitution in a case where the defendant was convicted of abusing his children and the State incurred expenses for the medical and foster care of the children. *Roe v. State*, 112 Nev. 733, 735, 917 P.2d 959, 960 (1996).

Accordingly, only the district court during the sentencing phase of the criminal trial had the power to grant restitution to the State for the total cost imposed on it by Major's criminal act. Nevertheless, this created an overlap between the family court's authority to impose a support obligation and a district court's authority to impose restitution as part of a criminal sentence. *See Rohlfing*, 106 Nev. at 906, 803 P.2d at 662. Such an overlap need not undermine the jurisdiction of either the family court or the sentencing court. In the current case, where the support obligation and the restitution arose from the same occurrence and compensate for overlapping expenditures, we note with approval that the district court offset the restitution amount by the amount of the support obligation.

Accordingly, we conclude that the district court had jurisdiction to award restitution to the State for the cost of care for the victim of Major's crime to the extent that the district court's order did not overlap with the existing support obligation imposed by the family court.

*Sufficient evidence supports the restitution award*

Major next argues in the alternative that we should remand for a hearing to establish the actual cost of care for his daughter. We conclude that this contention lacks merit.

NRS 176.033(1)(c) provides that a district court may impose restitution at sentencing for the victims of crimes. Social Services can be a "victim" for purposes of restitution. *Roe*, 112 Nev. at 735-36, 917 P.2d at 960. Although we have cautioned sentencing courts to "rely on reliable and accurate evidence in setting restitution," a defendant is not entitled to a full evidentiary hearing at sentencing. *Martinez v. State*, 115 Nev. 9, 13, 974 P.2d 133, 135 (1999). Thus, "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with the sentence imposed." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).

At sentencing, Peeks testified that Social Services based the cost-of-care rate on the total cost of running Kids Kottage. Peeks also testified that the federal government provides reimbursement of up to 56 percent of the cost of care for certain eligible children. She did not know, however, whether Social Services received such a reimbursement for Major's daughter's care. The district court required Social Services to notify the district court if it did receive such a reimbursement in order to allow the district court to amend the restitution order to reflect the reimbursement. Major did not present any evidence that Social Services actually received such a reimbursement.

We conclude that the evidence presented by Social Services for the cost of care is sufficient to support the district court's order. Although the question remains whether Social Services received a reimbursement,

SUPREME COURT
OF
NEVADA

(O) 1947A

6

Major makes no showing there actually was such a reimbursement, and the district court appears to have imposed on Social Services a continuing obligation to notify the district court if there was a reimbursement to allow the court to revise the restitution order. Given these circumstances, we affirm the judgment of conviction.

_____, J.
Parraguirre

We concur:

_____, J.
Pickering

_____, J.
Saitta