140 Nev., Advance Opinion 57

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENT LITCHFIELD; AND ROSA
LITCHFIELD,
Appellants,
vs.
TUCSON RIDGE HOMEOWNERS
ASSOCIATION; PRIME COMMUNITY
MANAGEMENT, LLC; AND LEVEL
PROPERTY MANAGEMENT, LLC,
Respondents.

No. 85754



FILED

SEP 05 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

TUCSON RIDGE HOMEOWNERS
ASSOCIATION; PRIME COMMUNITY
MANAGEMENT, LLC; AND LEVEL
PROPERTY MANAGEMENT, LLC,
Appellants,
vs.
KENT LITCHFIELD; AND ROSA
LITCHFIELD,
Respondents.

No. 86245

Consolidated appeals from district court orders granting summary judgment and denying a motion for attorney fees. Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.

*Reversed and remanded (Docket No. 85754); dismissed (Docket No. 86245).*

Hutchison & Steffen, LLC, and Stewart C. Fitts and Christine Davies, Las Vegas,
for Kent and Rosa Litchfield.

Leach Kern Gruchow Anderson Song and Sean L. Anderson and Ryan D. Hastings, Las Vegas,
for Tucson Ridge Homeowners Association; Prime Community Management, LLC; and Level Property Management, LLC.

24-32141

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

*OPINION*

By the Court, STIGLICH, J.:

In this opinion, we address the power of district court judges to revisit issues previously decided by a different judge in the same case. Because previous rulings become the law of the case and district court judges have coextensive jurisdiction, judges should be reticent to overrule previous decisions by another judge absent compelling circumstances. As we alluded to in *Hsu v. County of Clark*, such circumstances include where "(1) subsequent proceedings produce substantially new or different evidence, (2) there has been an intervening change in controlling law, or (3) the prior decision was clearly erroneous and would result in manifest injustice if enforced." 123 Nev. 625, 630, 173 P.3d 724, 729 (2007). The successor judge in this case revisited a legal issue previously decided by the predecessor judge absent any circumstances warranting that action. We therefore reverse the order granting summary judgment that is the subject of the appeal in Docket No. 85754 and remand for further proceedings. As a result, the appeal in Docket No. 86245 from the order denying attorney fees is moot, and we therefore dismiss it.

*FACTS AND PROCEDURAL HISTORY*

Kent and Rosa Litchfield are an interracial couple who allege they were harassed and excessively fined by their homeowners' association (HOA). They sued Tucson Ridge Homeowners Association; Prime Community Management, LLC; and Level Property Management, LLC (collectively, TRHOA), alleging various claims. TRHOA moved to dismiss

the action under NRS 38.310, arguing that the Litchfields asserted claims relating to the interpretation or application of the HOA's covenants, conditions, or restrictions (CC&Rs) without first submitting the action to mediation. The Honorable Jim Crockett denied the motion, finding that the Litchfields' claims could be resolved without reference to TRHOA's CC&Rs. Judge Crockett also denied TRHOA's subsequent motion for reconsideration.

Two years later, after Judge Crockett retired, the case was assigned to the Honorable Jessica K. Peterson. TRHOA moved for summary judgment, again arguing that the Litchfields' claims had to be mediated first as required under NRS 38.310. Judge Peterson granted the motion, finding that she was not bound by Judge Crockett's previous decision because the standards are different at the motion to dismiss and summary judgment stages. Judge Peterson further found that the Litchfields' claims required analysis of the CC&Rs such that failing to submit the matter to mediation under NRS 38.310 was fatal. Judge Peterson denied TRHOA's motion for attorney fees, however.

The Litchfields appealed from the district court's order granting the motion for summary judgment in Docket No. 85754. TRHOA appealed from the district court's order denying the motion for attorney fees in Docket No. 86245. This court consolidated the appeals for resolution.

## DISCUSSION

The Litchfields argue that Judge Peterson erred under the law-of-the-case doctrine by contradicting Judge Crockett's earlier legal conclusion. Conversely, TRHOA argues that Judge Peterson appropriately revisited the issue of whether NRS 38.310 required dismissal of the Litchfields' complaint because new evidence was introduced at the summary judgment stage. TRHOA also argues that Judge Crockett

committed clear error because adjudicating the Litchfields' claims obviously required the district court to consider the CC&Rs. We review de novo whether the law-of-the-case doctrine applies but review a district court's application of the doctrine for an abuse of discretion. *See Negrón-Almeda v. Santiago*, 579 F.3d 45, 50 (1st Cir. 2009); *Ingle v. Cir. City*, 408 F.3d 592, 594 (9th Cir. 2005).

*The law-of-the-case doctrine and its exceptions*

Under the law-of-the-case doctrine, "a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court." *Negrón-Almeda*, 579 F.3d at 50-51 (quoting *United States v. Moran*, 393 F.3d 1, 7 (1st Cir. 2004)). The doctrine "is designed to ensure judicial consistency and to prevent the reconsideration, during the course of a single continuous lawsuit, of those decisions which are intended to put a particular matter to rest." *Hsu*, 123 Nev. at 630, 173 P.3d at 728 (quoting *United States v. Real Prop. Located at Incline Vill.*, 976 F. Supp. 1327, 1353 (D. Nev. 1997)). It thus "serves important policy considerations, including judicial consistency, finality, and protection of the court's integrity." *Id.*

When a case is transferred to a different or successor judge, the law-of-the-case doctrine prescribes that, while not absolutely barred from reconsidering a predecessor judge's order, a successor judge should not do so merely because the later judge disagrees with the first. *See Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co.*, 181 F. Supp. 3d 347, 355 (S.D. Tex. 2015); *see also In re Aluminum Warehousing Antitrust Litig.*, 520 F. Supp. 3d 455, 482 (S.D.N.Y. 2021) (holding that the law-of-the-case doctrine "is as important, if not more so, when one judge is asked to consider the ruling of a different judge" (internal quotation marks omitted)), *aff'd*, No. 21-643,

2023 WL 7180648 (2d Cir. Nov. 1, 2023). We have alluded to this principle on several occasions. In *State v. Beaudion*, for example, we held that, generally, "one district judge may not directly overrule the decision of another district judge on the same matter in the same case." 131 Nev. 473, 477, 352 P.3d 39, 42 (2015). And in *State v. Sustacha*, we held that because district courts have "equal and coextensive jurisdiction," a judge lacked jurisdiction to void an earlier order entered by a judge in a different judicial district. 108 Nev. 223, 225-26, 826 P.2d 959, 960-61 (1992).

The law-of-the-case doctrine is not unlimited. As we noted in *Hsu*, federal courts have identified three specific circumstances when a judge may revisit a prior ruling under the law-of-the-case doctrine: "(1) [where] subsequent proceedings produce substantially new or different evidence, (2) there has been an intervening change in controlling law, or (3) the prior decision was clearly erroneous and would result in manifest injustice if enforced." 123 Nev. at 630, 173 P.3d at 729. While we adopted only the second exception in *Hsu*, we also noted that we have "implicitly acknowledged the possibility of exceptions to the law of the case" in cases where previous holdings "are so clearly erroneous that continued adherence to them would work a manifest injustice" or "would amount to a fundamental miscarriage of justice." *Id.* at 631-32, 173 P.3d at 729 (quoting *Clem v. State*, 119 Nev. 615, 620, 81 P.3d 521, 525 (2003), and *Leslie v. Warden*, 118 Nev. 773, 780, 59 P.3d 440, 445 (2002)). We also have implicitly acknowledged the first and third exceptions to the law-of-the-case doctrine in the reconsideration and rehearing contexts. In particular, we have held that "[a] district court may reconsider a previously decided issue if substantially different evidence is subsequently introduced or the decision is clearly erroneous," *Masonry & Tile Contractors Ass'n of S. Nev. v. Jolley, Urga & Wirth, Ltd.*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997), and that

"[o]nly in very rare instances in which new issues of fact or law are raised supporting a ruling contrary to the ruling already reached should a motion for rehearing be granted," *Moore v. City of Las Vegas*, 92 Nev. 402, 405, 551 P.2d 244, 246 (1976).

We now explicitly adopt the other exceptions addressed in *Hsu*. Therefore, we hold that a successor judge should not revisit an issue previously decided by a different judge in the same proceeding unless "(1) subsequent proceedings produce substantially new or different evidence, (2) there has been an intervening change in controlling law, or (3) the prior decision was clearly erroneous and would result in manifest injustice if enforced." *Hsu*, 123 Nev. at 630, 173 P.3d at 729. We further clarify that the law-of-the-case doctrine applies even to issues decided in interlocutory orders, despite language in NRCP 54(b) providing that a district court may revise an order or decision "at any time before" the entry of final judgment. *See, e.g., Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (holding that "[e]ven if Rule 54(b) allows parties to request district courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine"); *Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1097 (9th Cir. 1994) (rejecting the "argument that the law of the case doctrine does not apply to interlocutory orders which are not immediately appealable"). This approach better comports with the policy considerations outlined in *Hsu*. 123 Nev. at 630, 173 P.3d at 728 (noting that the law-of-the-case doctrine "serves important policy considerations, including judicial consistency, finality, and protection of the court's integrity"). We next determine whether the law-of-the-case doctrine precluded Judge Peterson from granting summary judgment.

SUPREME COURT
OF
NEVADA

(O) 1947A

*The legal issue was identical, and no exception to the law-of-the-case doctrine applies*

The issue in both the motion to dismiss and the motion for summary judgment was whether NRS 38.310 required the Litchfields to submit their claims to mediation before commencing an action in district court. That statute provides that a "civil action based upon a claim" relating to "[t]he interpretation, application or enforcement of any [CC&Rs] applicable to residential property or any bylaws, rules or regulations adopted by an association" may not be commenced in district court unless it has first been submitted to mediation. NRS 38.310(1). An action commenced in violation of that provision must be dismissed. NRS 38.310(2). As evidenced by the statute's plain language, the analysis hinges on whether the claims themselves relate to the CC&Rs, not whether there is or could be additional evidence supporting the claims' merits. It is a legal inquiry, not a factual one. While Judge Peterson relied on the different standards that apply at the motion-to-dismiss and the summary-judgment stages, the purely legal question under NRS 38.310 was identical at both stages. And because Judge Peterson was addressing the same legal issue as Judge Crockett, Judge Peterson should not have revisited Judge Crockett's decision unless an exception to the law-of-the-case doctrine applied. *See Exxon Mobil Corp.*, 181 F. Supp. 3d at 355.

The parties do not argue that there was any intervening change in controlling law, and so we focus on the other two exceptions. We conclude that the "substantially different evidence" exception does not apply because the issue under NRS 38.310 is one of law that did not depend on any additional evidence produced at the summary-judgment stage. We further conclude that the third exception does not apply under the facts of this case. Even if Judge Crockett's decision that NRS 38.310 did not apply was clearly erroneous, we conclude that TRHOA fails to demonstrate that Judge

Crockett's decision would work a manifest injustice. Judge Crockett properly addressed the issue of whether NRS 38.310 applied to the Litchfields' claims at the earliest stage of the proceedings. And regardless of whether the Litchfields' claims went through mediation, TRHOA did not lose the ability to substantively challenge the claims at issue before the district court. Moreover, TRHOA did not seek mandamus relief at any point in the two years before Judge Peterson was assigned to the case, for which TRHOA would have needed to make the same argument it makes now to justify a deviation from the law-of-the-case doctrine—that Judge Crockett clearly erred by concluding that NRS 38.310 did not apply. *See Archon Corp. v. Eighth Jud. Dist. Ct.*, 133 Nev. 816, 819-20, 407 P.3d 702, 706 (2017) (noting that mandamus relief is appropriate "where the district court judge has committed clear and indisputable legal error" (internal quotation marks omitted)).

As no exception to the law-of-the-case doctrine applies, the district court erred when it revisited the issue of whether NRS 38.310 applies.[1] Accordingly, we reverse the district court's order granting summary judgment in Docket No. 85754 and remand for further proceedings consistent with this opinion. *See Wickliffe v. Sunrise Hosp., Inc.*, 104 Nev. 777, 780, 766 P.2d 1322, 1324 (1988) (holding that violations of the law-of-the-case doctrine constitute reversible error). Further, because we reverse the district court's order granting summary judgment, TRHOA's appeal from the order denying its motion for attorney fees in Docket No. 86245 is moot. *See Mizushima v. Sunset Ranch, Inc.*, 103 Nev. 259, 266, 737 P.2d 1158, 1162 (1987) (concluding that an order reversing

---

[1]Because this issue is dispositive, we need not address the parties' remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A

and remanding rendered moot the "cross-appeal concerning the denial of [attorney] fees by the trial court"), *overruled on other grounds by Turner v. Mandalay Sports Ent., LLC*, 124 Nev. 213, 180 P.3d 1172 (2008); *see also Solid v. Eighth Jud. Dist. Ct.*, 133 Nev. 118, 120, 393 P.3d 666, 670 (2017) (explaining the mootness doctrine and noting that subsequent events may render a case moot). We therefore dismiss the appeal in Docket No. 86245.

## *CONCLUSION*

The law-of-the-case doctrine requires deference to decisions made by a judge at each stage of a case. Thus, a judge should be reticent to revisit decisions made by another judge in the same case unless an exception to the law-of-the-case doctrine applies. Because the successor judge here revisited the identical issue that another judge had previously ruled upon, and because no exception to the law-of-the-case doctrine applies, the district court erred by granting summary judgment.

_____, J.
Stiglich

We concur:

_____, J.
Pickering

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A