RODERICK GRIFFIN, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 46501

July 13, 2006                                    137 P.3d 1165

*Roderick Griffin*, in Proper Person.

*George Chanos*, Attorney General, Carson City, for Respondent.

___

[1]120 Nev. 613, 97 P.3d 594 (2004).

**OPINION**

*Per Curiam:*

Roderick Griffin sought 638 days of credit for time spent incarcerated before sentencing by way of a motion for credit filed in the

district court. In *Pangallo v. State*, this court determined that a claim for presentence credit was a challenge to the computation of time served that must be raised in a post-conviction petition for a writ of habeas corpus.[1] In denying Griffin's motion, the district court noted that, under this court's decision in *Pangallo*, a motion for credit was the improper vehicle in which to seek credit for presentence incarceration. However, the district court further expressed its concern that *Pangallo* did not provide district courts with adequate guidance on how to procedurally process such petitions. Specifically, the court noted that, under the procedures set forth in NRS chapter 34, petitions that challenge the computation of time served are treated differently than petitions that challenge the validity of a judgment of conviction and sentence. In addition, the district court noted that language in *Johnson v. State*,[2] suggesting that a claim for presentence credit could be waived if the claim was not raised on direct appeal, appeared to conflict with the holding in *Pangallo* that a claim for presentence credit could be raised in a post-conviction petition for a writ of habeas corpus.

In light of the district court's concerns, we have revisited our decision in *Pangallo*, and we now overrule that decision to the extent that it holds that a claim for credit for presentence incarceration is a challenge to the computation of time served. Rather, we now conclude that a claim for credit for presentence incarceration is a challenge to the validity of the judgment of conviction and sentence, which may be raised on direct appeal or in a post-conviction petition for a writ of habeas corpus complying with the statutory procedures governing petitions that challenge the validity of the judgment of conviction and sentence. We further conclude that the district court properly determined that Griffin had not demonstrated that he was entitled to the credit that he sought.

## FACTS

On March 14, 1998, Griffin, incarcerated pursuant to a Nevada judgment of conviction, escaped from custody at the Pioche Conservation Camp.[3] Griffin was not found until 2001 in California,

---

[1]112 Nev. 1533, 930 P.2d 100 (1996).

[2]120 Nev. 296, 298 & n.4, 89 P.3d 669, 670 & n.4 (2004).

[3]Griffin was in custody at the Pioche Conservation Camp pursuant to a judgment of conviction from the Eighth Judicial District Court. Although the record does not contain a copy of that judgment of conviction, Griffin's subsequent 2003 Lincoln County judgment of conviction states that he escaped from custody at the Pioche Conservation Camp after having been convicted and sentenced in Case No. 63285 in the Eighth Judicial District for the felony offenses of attempted possession of a stolen vehicle, robbery with the use of a deadly weapon, burglary, and attempted burglary.

where he was arrested for identity theft related offenses. Griffin was convicted of identify theft in California and was sentenced to serve a term of four years. According to Griffin, he was in custody for 476 days in California prior to his return to Nevada.

Griffin asserted that the State of Nevada lodged a detainer on July 26, 2002, while he was incarcerated in California. Some time after the California conviction was entered, Griffin was transported to Nevada for criminal proceedings on the escape charges. Griffin entered a guilty plea to one count of escape on June 13, 2003, and was sentenced on August 8, 2003, to a term of twenty-four to sixty months in the Nevada State Prison. The district court ordered the term to run consecutively to all prior terms. The judgment of conviction entered on August 25, 2003, specifically provided:

> Griffin has been in Nevada 141 days. Griffin was extradited to Nevada under the Interstate Agreement on Detainers, having been arrested and placed in custody in California pursuant to charges filed in that state. The Nevada Department of Corrections was notified of his arrest in California and immediately began giving Griffin credit on the term of imprisonment in Case No. C63285 [the Eighth Judicial District Court case]. Therefore, the instant judgment of conviction does not give Griffin credit for time served in Case No. CR-0411003 in the Seventh Judicial District Court as he is receiving credit for the time served in Case No. C63285 in the Eighth Judicial District Court of the State of Nevada.

It appears that Griffin was then returned to California to finish serving his four-year sentence. Griffin claimed that on August 10, 2004, he was returned to the State of Nevada to serve his remaining time on the Clark County sentence, and "in addition to serve his sentence for the escape charge/conviction."

On April 15, 2005, Griffin filed a proper person motion for credit for presentence incarceration in the Seventh Judicial District Court, the district court for the county in which he was convicted.[4] Griffin sought 638 days of credit—476 days for the time he spent incarcerated in California because he could not be released on bail due to the Nevada detainer and 162 days for time spent in Nevada on the escape charge before being returned to California. On November 23, 2005, the district court denied the motion. This appeal followed.

## DISCUSSION

In *Pangallo*, this court determined that a claim for presentence credit was a challenge to the computation of time served, and

---

[4]Griffin was incarcerated at the Nevada State Prison in the First Judicial District Court at the time that he filed his motion.

thus, the challenge must be raised in a post-conviction petition for a writ of habeas corpus pursuant to NRS 34.724(2)(c).[5] This court expressly determined that such a petition must satisfy the pleading requirements of NRS 34.370(3) and NRS 34.735, by providing specific facts in support of the claims.[6] *Pangallo*, however, did not explain what procedural rules would apply to such a petition.

Different statutory procedures apply to petitions that challenge the validity of the judgment of conviction and sentence and petitions that challenge the computation of time served. NRS 34.738(1) provides that a petition that challenges the validity of the judgment of conviction and sentence "must be filed with the clerk of the district court for the county in which the conviction occurred." Under NRS 34.730(3), a petition that challenges the validity of the judgment of conviction or sentence must also be filed with the record of the original proceeding to which it relates and be assigned to the original judge or court, whenever possible. In contrast, any other petition, including a petition that challenges the computation of time served, must be filed as a separate action "with the clerk of the district court for the county in which the petitioner is incarcerated."[7]

These distinctions between the two types of petitions raise a procedural dilemma under our holding in *Pangallo*. Because the judgment of conviction is required to set forth the exact amount of credit for presentence incarceration, the remedy for a claim that a petitioner did not receive the proper amount of credit is to amend the judgment of conviction to include the proper amount of credit.[8] A problem arises, however, if a petition for presentence credit is filed in the county for the district court in which the petitioner is incarcerated, rather than in the district court where the petitioner was convicted. A court in one judicial district should not be asked to amend the judgment of conviction entered in a court from another judicial district. Rather, the amendment of a judgment of conviction should be sought in the district court where the original judgment of conviction was entered.[9]

---

[5]112 Nev. at 1535, 930 P.2d at 102. NRS 34.724(2)(c) provides that a post-conviction petition for a writ of habeas corpus "[i]s the only remedy available to an incarcerated person to challenge the computation of time that he has served pursuant to a judgment of conviction."

[6]112 Nev. at 1536, 930 P.2d at 102.

[7]NRS 34.738(1); NRS 34.730(3).

[8]*See* NRS 176.105(1)(d) (providing that the judgment of conviction must set forth "[t]he exact amount of credit granted for time spent in confinement before conviction, if any").

[9]NRS 3.220 (providing that the district court judges possess equal coextensive and concurrent jurisdiction and power); *Rohlfing v. District Court*, 106 Nev. 902, 906, 803 P.2d 659, 662 (1990) (recognizing that district court judges lack the jurisdiction to review acts of other district court judges).

Interestingly, the statutory habeas provisions provide that a petition filed in the district court for the wrong county must be transferred by the clerk of the district court to the district court for the proper county, and a petition must not challenge both the validity of the judgment of conviction or sentence and the computation of time served in the same petition.[10] These procedures further judicial efficiency: where the computation of time claim arises after entry of the judgment of conviction and the prisoner has started serving his sentence, the district court in the county in which the petitioner is incarcerated is in the best position to resolve the claim. When a petitioner challenges both a judgment of conviction and seeks additional presentence credits, however, our holding in *Pangallo* fosters inefficiency by requiring two separate petitions to be filed in separate courts. Ideally, the district court in which the petitioner was convicted is in the best position to resolve both of these types of claims.

Another distinction between the two types of petitions pertains to who must respond to the petition. NRS 34.730(2) requires service of a petition upon the attorney general when that petition challenges the computation of time served, while a petition that challenges the validity of the judgment of conviction must be served upon both the attorney general and the district attorney in the county in which the petitioner was convicted. NRS 34.745(2) further provides that the attorney general only responds to a petition that challenges the computation of time served. However, either the district attorney or attorney general may be ordered to respond to a petition that challenges the validity of the judgment of conviction or sentence.[11] By classifying a petition that seeks presentence credit as a petition challenging the computation of time served, our holding in *Pangallo* creates an anomalous procedure by requiring the attorney general to respond to a claim for which the relevant documents are generally county jail records—records that are more easily accessible by the district attorney. On the other hand, it makes sense to have the attorney general respond to a petition raising a claim challenging the computation of time after entry of the judgment of conviction because the documents relating to that claim are within the custody and control of the Nevada Department of Corrections.

The language of NRS 34.724 also suggests that a claim for presentence credit was never intended to be interpreted as a challenge to the computation of time served. NRS 34.724(2)(c) provides that a petition for a writ of habeas corpus ''[i]s the only remedy available to an incarcerated person to challenge the computation of time that he has served *pursuant to a judgment of conviction*.''

---

[10]NRS 34.738(2), (3).

[11]*Compare* NRS 34.745(1), *with* NRS 34.745(2).

(Emphasis added.) In *Staley v. State*,[12] this court recognized that a defendant begins to serve a sentence when the judgment of conviction is signed by the judge and entered by the clerk. It is more logical to read the language "pursuant to a judgment of conviction" to refer to credit earned after a petitioner has begun to serve the sentence specified in the judgment of conviction.

Another significant distinction between the two types of petitions involves the procedural time bar. Pursuant to NRS 34.726(1), the procedural time bar applies to "a petition that challenges the validity of a judgment or sentence." It does not, however, apply to a petition that challenges the computation of time served.[13] This distinction makes sense if a petition challenging the computation of time served is limited to credit issues or computation claims that arise after entry of the judgment of conviction; such claims could arise years after entry of the judgment of conviction and a petitioner cannot be expected to raise claims within the statutory time period that have not yet arisen. However, a claim for presentence credit is a claim reasonably available to a petitioner within one year after entry of the judgment of conviction.[14]

*Pangallo*'s characterization of a claim for presentence credit as a challenge to the computation of time served has been further called into question by this court's recent holding in *Johnson v. State*.[15] *Johnson*, a direct appeal, addressed whether the district court abused its discretion in providing Johnson credit towards only one sentence when concurrent terms were imposed on separate counts in a single judgment of conviction.[16] This court determined that the issue of presentence credit was a "sentencing issue" and that it was properly raised on direct appeal in the first instance.[17] If a claim for presentence credit is a challenge to the computation of time served, the holding in *Johnson* conflicts with the language in NRS 34.724(2)(c) providing that a habeas corpus petition is the only remedy for a challenge to the computation of time served.

---

[12]106 Nev. 75, 79, 787 P.2d 396, 398 (1990).

[13]The rebuttable presumption of laches, set forth in NRS 34.800(2), also only applies to a petition that challenges the validity of a judgment of conviction and sentence.

[14]As discussed earlier, pursuant to NRS 176.105(1)(d), the judgment of conviction is required to set forth the exact amount of presentence credit.

[15]120 Nev. 296, 89 P.3d 669.

[16]*Id.* at 297-98, 89 P.3d at 669-70. Johnson was convicted of two counts of uttering a forged instrument (counts 1 and 2) and one count of principal to commit uttering a forged instrument (count 3). Johnson was sentenced to concurrent terms of twelve to forty-eight months and eighteen to forty-eight months for counts 1 and 2 and a consecutive term of eighteen to forty-eight months for count 3. The district court ordered that credit of 128 days should be applied to only count 1.

[17]*Id.* at 298, 89 P.3d at 670.

Moreover, this court observed in a footnote in *Johnson* that claims appropriate for direct appeal, including a challenge to the sentence imposed, must be pursued on direct appeal or they will be considered waived.[18] This language in *Johnson* conflicts with the holding in *Pangallo* that permits a petitioner to raise a claim for presentence credit in a post-conviction petition for a writ of habeas corpus.

Having thoroughly reviewed the relevant procedural statutes and case law, we conclude that *Pangallo* was improvidently decided. Therefore, we overrule *Pangallo* to the extent that it holds that a claim for presentence credit is a challenge to the computation of time served. Rather, we now hold that a claim for presentence credit is a claim challenging the validity of the judgment of conviction and sentence.

Because our decision in this respect was unforeseeable, we further conclude it will not apply to Griffin because he was not aware that he was required to follow the additional procedures required by our ruling to properly set forth his claim for review. Henceforth, however, a claim for presentence credit should be raised on direct appeal or in a post-conviction petition for a writ of habeas corpus filed in compliance with the requirements set forth in NRS chapter 34. Notably, a defendant seeking presentence credit by way of a post-conviction petition for a writ of habeas corpus must file the petition in the district court for the county in which the defendant was convicted and verify the petition.[19] Further, the defendant must file the petition within one year from entry of the judgment of conviction or issuance of the remittitur on direct appeal.[20] If the petitioner delays in filing the petition beyond the one-year deadline, the petitioner must demonstrate that the delay is not the fault of the petitioner and undue prejudice.[21] A criminal defendant is in the unique position of being aware of the facts supporting a claim for presentence credit from the moment the judgment of conviction is entered. Thus, it is not unreasonable to require a defendant to raise this claim in a timely petition or demonstrate good cause for the failure to do so.[22]

---

[18]*Id.* at 298 n.4, 89 P.3d at 670 n.4 (citing *Franklin v. State*, 110 Nev. 750, 877 P.2d 1058 (1994), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999)).

[19]*See* NRS 34.730(1); NRS 34.738(1).

[20]*See* NRS 34.726(1).

[21]*See id.*

[22]*See Hathaway v. State*, 119 Nev. 248, 252-54, 71 P.3d 503, 506-07 (2003) (holding that a claim that was reasonably available to a petitioner during the one-year period must be raised within that period or the petitioner must demonstrate good cause for the failure to do so).

We emphasize that our holding today increases the importance of the obligation of the district court, counsel for the State, and the defense to accurately resolve the issue of presentence credit at the time of sentencing. As noted, presentence credit is required to be set forth in the judgment of conviction.[23] Defense counsel who fail to ensure that a defendant receives the proper amount of presentence credit are subject to claims of ineffective assistance.[24] Because the scope of claims that may be raised in a habeas corpus petition is limited,[25] the claim should be presented as an ineffective assistance of counsel claim—trial counsel was ineffective for failing to ensure that the defendant received the proper amount of credit or appellate counsel was ineffective for failing to raise the issue of presentence credit on appeal. A defendant must of course support this claim with specific facts demonstrating that the defendant is entitled to the presentence credit sought.[26] Further, the remedy for a meritorious claim is the amendment of the judgment of conviction to include the proper amount of presentence credit.

Because our decision overruling *Pangallo* has prospective effect only, we have reviewed the merits of Griffin's claim for presentence credit. We conclude that Griffin did not demonstrate that he was entitled to the credit that he sought in the instant case. NRS 176.055(2)(b) provides that a defendant convicted of a subsequent offense which was committed while he was ''[i]mprisoned in . . . state prison . . . is not eligible for any credit on the sentence for the subsequent offense for the time he has spent in confinement which is within the period of the prior sentence.'' Griffin was in custody and serving a term of imprisonment when he committed the instant offense of escape. Thus, he was not entitled to any credit in this case for time spent in confinement within the period of his prior sentence. The district court expressly determined that Griffin was given credit on the prior sentence, and Griffin did not demonstrate that he did not receive the full amount of credit that he was entitled to.

---

[23]*See* NRS 176.105(1)(d).

[24]*See Strickland v. Washington*, 466 U.S. 668 (1984); *Warden v. Lyons*, 100 Nev. 430, 683 P.2d 504 (1984).

[25]*See* NRS 34.810(1)(a) (limiting the scope of a habeas corpus petition challenging a judgment of conviction based upon a guilty plea to claims of ineffective assistance of counsel and challenges to the validity of the guilty plea); NRS 34.810(1)(b) (providing that a petitioner must demonstrate good cause for raising a claim in a habeas corpus petition that could have been raised on direct appeal).

[26]*See* NRS 34.735; *Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).

*CONCLUSION*

We overrule this court's decision in *Pangallo* to the extent that it holds that a claim for presentence credit is a challenge to the computation of time served. Rather, we now conclude that a claim for presentence credit is a challenge to the validity of the judgment of conviction and sentence. The claim may be raised on direct appeal or in a post-conviction petition for a writ of habeas corpus in compliance with the procedural requirements of NRS chapter 34. We affirm the order of the district court denying the motion for credit because Griffin did not demonstrate that he was entitled to the credit sought.