An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RYAN ISIDRO FLORES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67060

**FILED**

SEP 14 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from an order denying a motion for an amended judgment of conviction to include jail time credits.[1] Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

In his motion filed on October 20, 2014, appellant sought presentence credit for time served from his arrest until he was released on bail and from the time his bail was revoked until he was sentenced. Alternatively, in his reply, appellant sought presentence credit for time served from the expiration of his parole until he was released on bail and from the time his bail was revoked until he was sentenced. The district court denied appellant's motion on the merits because he was on parole at the time of sentencing.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27735

A claim for additional presentence credit should be raised on direct appeal or in a postconviction petition for a writ of habeas corpus in compliance with the procedural requirements set forth in NRS chapter 34, *see Griffin v. State*, 122 Nev. 737, 744, 137 P.3d 1165, 1169 (2006), and thus appellant's motion should have been construed as a postconviction petition for a writ of habeas corpus. Thus, appellant improperly sought relief in a motion and the district court improperly considered the motion without construing it as a petition for a writ of habeas corpus and requiring appellant to comply with applicable procedural requirements, *see, e.g.,* NRS 34.730 (requiring that the petition be verified); NRS 34.735 (outlining the form and specificity of facts for the petition). Therefore, we reverse the decision of the district court and remand with instructions to construe the motion as a postconviction petition for a writ of habeas corpus.[2] Accordingly, we

---

[2]The district court should also consider when appellant expired his parole in determining whether he was entitled to any credits in the case. *See* NRS 176.055(2) ("A defendant who is convicted of a subsequent offense which was committed while [he] was . . . on probation or parole from a Nevada conviction is not eligible for any credit on the sentence for the subsequent offense for the time he has spent in confinement *which is within the period of the prior sentence.*" (emphasis added)).

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                  Cherry

cc:    Hon. Carolyn Ellsworth, District Judge
       Ryan Isidro Flores
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We have considered all documents that appellant has submitted in pro se to the clerk of this court in this matter, and we conclude that appellant is only entitled to the relief set forth in this order.