# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEREMY EVAN SIGAL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71508

FILED

JUN 15 2017



## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Having reviewed the record, we affirm.[1]

Appellant Jeremy Sigal pleaded guilty to driving while under the influence and was sentenced to 18-72 months in prison. The judgment of conviction was entered on November 13, 2014. Sigal did not file an appeal from the judgment of conviction. He timely filed a pro se postconviction petition for a writ of habeas corpus on July 15, 2015. The district court denied the petition. Sigal appealed from that decision, and the appeal has been transferred to the court of appeals as provided in NRAP 17. *Sigal v. State*, Docket No. 69016. Sigal filed a second pro se postconviction petition for a writ of habeas corpus on August 31, 2016, which the district court denied as untimely under NRS 34.726 and successive under NRS 34.810. This appeal is from the district court's order denying the second petition.

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

17-19952

The petition filed on August 31, 2016, was untimely as it was filed more than one year after entry of the judgment of conviction, NRS 34.726(1); it was successive because Sigal had previously filed a postconviction petition that was denied on the merits, NRS 34.810(2); and it was an abuse of the writ as it raised new and different grounds that could have been raised in the prior petition, *id*. The petition therefore was procedurally barred unless Sigal demonstrated good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Sigal appears to have asserted that he had good cause for the delay in filing the petition and for filing a successive and abusive petition because it was not clear that a claim for presentence credits had to be asserted in a postconviction habeas petition subject to the procedural bars and that he only recently gained access to documents supporting his claim. We agree with the district court that Sigal did not demonstrate good cause.[2] Our decision in *Griffin v. State*, 122 Nev. 737, 739, 137 P.3d 1165, 1166 (2006), made it clear that a claim for presentence credit must be raised on direct appeal or in a postconviction petition for a writ of habeas corpus that is not procedurally barred. That case was decided more than 8 years before Sigal was convicted. Although prisoners may have continued to raise claims for presentence credits in a variety of creatively titled postconviction motions or other pleadings despite the clear holding in *Griffin*, the courts have treated those motions and pleadings as postconviction habeas petitions subject to the procedural bars in NRS

---

[2]To the extent that Sigal asserted ineffective assistance of trial counsel as good cause, we note that such a claim was itself procedurally barred and therefore could not provide good cause for the petition at issue in this case. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

chapter 34, consistent with *Griffin*. That Sigal may have been unaware of *Griffin* or for any reason believed that the courts would not apply *Griffin* does not constitute an impediment external to the defense and therefore is not good cause. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (explaining that good cause requires a showing that "an impediment external to the defense prevented [the petitioner] from complying with the state procedural default rules" and that such an impediment may be shown by demonstrating that compliance was impracticable because the legal basis for the claim was not reasonably available). It further appears that the factual basis for the claim was reasonably available to be raised on direct appeal or in the first habeas petition in the context of ineffective assistance of counsel. *See id.* (indicating that impediment external to defense may be shown by demonstrating that compliance with the state procedural default rules was impracticable because the factual basis for the claim was not reasonably available). Because Sigal failed to demonstrate good cause, we conclude that the district court did not err in determining that the petition was procedurally barred under NRS 34.726 and NRS 34.810(1)(b) and (2). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. William D. Kephart, District Judge
Jeremy Evan Sigal
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4