# IN THE SUPREME COURT OF THE STATE OF NEVADA

DORION L. DANIEL,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
Respondent.

No. 72133

FILED

OCT 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Appellant Dorion Daniel asserted that credits he earned under NRS 209.4465 apply to his parole eligibility pursuant to subsection 7 of that statute.[2] Having reviewed the record, we conclude that the district court properly denied the petition.

NRS 209.4465(7)(b) (1997) provided that credits earned under the statute apply to parole eligibility "unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." 1997 Nev. Stat., ch. 641, § 4, at 3175. Daniel was convicted of second-degree murder, for which he was sentenced as provided in NRS 200.030(5)(b) to a "definite term of 25

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]The amendments to NRS 209.4465 that added subsection 8 to the statute do not apply as Daniel committed his offenses before the effective date of those amendments.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-35060

years, with eligibility for parole beginning when a minimum of 10 years has been served." Because NRS 200.030(5)(b) specified a minimum term that Daniel must serve before he is eligible for parole, credits cannot be applied to his parole eligibility under the plain language of NRS 209.4465(7)(b).

To the extent that Daniel asks this court to direct the Department of Corrections to calculate his credit for time served from the date of his arrest in 1997, no relief is warranted. A claim related to presentence credit involves a challenge to the judgment of conviction and therefore must be raised on direct appeal or in a postconviction habeas petition that complies with the statutory procedures governing petitions that challenge the validity of the judgment of conviction and sentence. *Griffin v. State*, 122 Nev. 737, 137 P.3d 737 (2006). Of relevance here, "[a] petition that challenges the validity of a conviction or sentence must be filed with the clerk of the district court for the county in which the conviction occurred." NRS 34.738(1). Although the issue raised has some characteristics of a computation claim, it more directly relates to the amount of presentence credit that was awarded in the 2005 judgment of conviction. As Daniel was convicted in Clark County, the district court properly determined that it had no jurisdiction to address the issues related to presentence credit.

Having determined that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Jim C. Shirley, District Judge
Dorion L. Daniel
Attorney General/Carson City
Attorney General/Las Vegas
Pershing County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A