# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DESHAWN TELLIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75955

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying Michael Deshawn Tellis' motion to amend a judgment of conviction.[1] Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

In the motion filed below, Tellis asked the district court to amend the judgment of conviction to include presentence credit. The motion thus should have been treated as a postconviction petition for a writ of habeas corpus subject to the one-year deadline set forth in NRS 34.726. *Griffin v. State*, 122 Nev. 737, 137 P.3d 1165 (2006) (holding that claim for credit for presentation incarceration is a challenge to the validity of the judgment of conviction and sentence and therefore must be raised in a postconviction petition for a writ of habeas corpus subject to the procedural defaults set forth in NRS 34.726, NRS 34.800, and NRS 34.810). Tellis' motion was filed almost four years after entry of the judgment of conviction and he did not allege good cause for the delay as required by NRS 34.726(1). Accordingly, the district court should have denied the motion based on the

_____

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

procedural default. As an independent and alternative ground, the district court did not err in denying the petition on the merits. In particular, Tellis was not entitled to any presentence credit because he was in custody awaiting trial on another offense when he committed the offense at issue in this case and he was under sentence of imprisonment in the other case by the time he was sentenced in this case. NRS 176.055(1) (providing that a defendant is not entitled to presentence credit when his "confinement was pursuant to a judgment of conviction in another case"); NRS 176.055(2)(a) (providing that a defendant is not entitled to presentence credit on the sentence for an offense that was committed while the defendant was in custody on a prior charge). For these reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish


cc:   Hon. Eric Johnson, District Judge
      Michael Deshawn Tellis
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk