# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEO ERICK RAMSUNDAR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82458

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carli Lynn Kierny. Appellant Leo Erick Ramsundar argues that the district court erred in denying the petition as procedurally barred. We reverse and remand.[1]

In his petition, Ramsundar claimed that he was entitled to credit for time served for presentence incarceration during the period of January 30, 2018, through January 7, 2020. He claimed that his appellate counsel was ineffective in this regard. The district court denied the petition as procedurally barred by NRS 34.810(1)(a).

_____

[1]We have considered the pro se brief filed by appellant and given respondent an opportunity to file a response. NRAP 46A(c). Respondent has not filed an answering brief or otherwise responded to this court's order. We conclude that oral argument is not warranted. NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

22-13664

A claim for additional presentence credits is a claim challenging the validity of the judgment of conviction and sentence that must be raised on direct appeal or in a postconviction petition for a writ of habeas corpus in compliance with NRS Chapter 34. *Griffin v. State*, 122 Nev. 737, 744, 137 P.3d 1165, 1169 (2006). A petitioner who has pleaded guilty may argue that his counsel was ineffective for failing to seek or challenge the amount of presentence credits. *See id.* at 740, 746, 137 P.3d at 1167, 1170-71 (noting that petitioner had pleaded guilty and concluding that petitioner may seek presentence credit through a postconviction habeas action).

Ramsundar timely filed the petition here. *See* NRS 34.726(1). The district court erred in concluding that NRS 34.810(1)(a) barred Ramsundar's ineffective-counsel claim for presentence credit. *See Gonzales v. State*, 137 Nev., Adv. Op. 40, 492 P.3d 556, 562 (2021) (recognizing that a defendant who has pleaded guilty may assert that counsel provided ineffective assistance at sentencing). Further, the district court clearly erred in finding that Ramsundar's petition was bare; Ramsundar specifically alleged the claim and the dates for which he sought credit for time served. *See Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (reviewing district court factual findings for support by substantial evidence and clear error). The record shows that Ramsundar received presentence credit in another case for a portion of the period for which he seeks credit and to which this sentence is consecutive, but that does not account for the entire time that he was in presentence incarceration. NRS 176.055(1) (providing that a defendant is entitled to credit for time actually spent in confinement before conviction). The district court should have

SUPREME COURT
OF
NEVADA

(O) 1947A

determined whether Ramsundar was entitled to additional presentence credit. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:    Hon. Carli Lynn Kierny, District Judge
       Leo Erick Ramsundar
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.