141 Nev., Advance Opinion 70

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

| | |
|---|---|
| KENYA KEITA HALL,<br>Appellant,<br>vs.<br>RONALD OLIVER, WARDEN,<br>Respondent. | No. 90025-COA |
| ANTHONY POSEY,<br>Appellant,<br>vs.<br>WARDEN OLIVER; OFFENDER<br>MANAGEMENT DIVISION; AND THE<br>STATE OF NEVADA,<br>Respondents. | No. 90152-COA<br><br>**FILED**<br><br>DEC 23 2025<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeals from district court orders denying postconviction petitions for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Erika D. Ballou, Judge.

*Affirmed.*

Kenya Keita Hall, Las Vegas,
Pro Se.

Anthony Posey, Indian Springs,
Pro Se.

Aaron D. Ford, Attorney General, and Elsa Felgar, Deputy Attorney General, Carson City,
for Respondent Ronald Oliver (Docket No. 90025-COA).

25-55908

Aaron D. Ford, Attorney General, and Michael R. Shaffer, Deputy Attorney General, Carson City,
for Respondents Warden Oliver, Offender Management Division, and the State of Nevada (Docket No. 90152-COA).

BEFORE THE COURT OF APPEALS, BULLA, C.J., and GIBBONS and WESTBROOK, JJ.

*OPINION*

PER CURIAM:

It has been the long-standing rule in Nevada that the application of procedural bars to postconviction petitions for writs of habeas corpus is mandatory. In this opinion, we consider whether recent legislative changes to NRS Chapter 34 operate as a mandatory procedural bar in cases where a petitioner seeks to challenge the computation of time served. As amended, the statutes now require the district court to dismiss without prejudice a postconviction habeas petition challenging the computation of time served where the petitioner did not first exhaust all available administrative remedies. Because the dismissal language was added to NRS 34.810, where other procedural bars are outlined, and because the dismissal language contains the word "shall" and mimics language from another procedural bar, we conclude that the legislature intended the exhaustion requirement to act as a procedural bar to a postconviction habeas petition challenging the computation of time served. As such, a court must consider whether a petitioner has exhausted all available administrative remedies before considering the merits of a postconviction habeas petition challenging the computation of time served.

In the two cases before us, the district court denied appellants' postconviction habeas petitions challenging the computation of time served

COURT OF APPEALS
OF
NEVADA

(O) 1947B

without first addressing whether the petitioners had exhausted all available administrative remedies before filing their petitions.[1] Although we conclude the district court erred by failing to apply the mandatory procedural bar and determine whether appellants had exhausted their administrative remedies before filing their respective petitions, we nevertheless affirm the district court's denial of the petitions because the district court reached the correct result.

## FACTS

### Hall v. Oliver, *Docket No. 90025*

On November 17, 2023, and February 6, 2024, appellant Kenya Keita Hall filed identical postconviction habeas petitions challenging a prison disciplinary proceeding that resulted in the forfeiture of 60 days of statutory good time credits. Hall's postconviction habeas petitions included standard questions and spaces for Hall's answers to those questions. In response to a question asking if he had appealed, Hall answered, "Appeal Administrative Remedy" and indicated his appeal had been denied on June 5, 2023.[2] Hall asserted that his "disciplinary conviction" had been appealed to the operations warden by way of administrative grievances and that his first-level appeal had been denied by the associate warden.

The district court ordered a response to the petitions, and the Attorney General's Office argued Hall's petitions should be denied because his claims were without merit. The district court denied Hall's petitions on

---

[1]We elect to consolidate these appeals for disposition. *See* NRAP 3(b)(2).

[2]Although the questions in the petitions appeared to refer to an appeal from a judgment of conviction, Hall's responses suggest he understood the questions to refer to the appeal of his prison disciplinary hearing.

the merits without first addressing whether Hall had exhausted all available administrative remedies before filing them.

On the day the district court's order was filed, Hall filed a reply to the response in support of his petitions and attached supporting documents, including an inmate grievance report related to his disciplinary hearing. The report indicated Hall's appeal had been denied and identified the level as "1." No other grievance reports were included with his reply. Because Hall's reply was filed on the day the district court's order denying his petitions was filed and because the order does not mention Hall's reply, it appears the district court did not consider Hall's reply or the attached documents in its disposition of Hall's petitions.

Posey v. Oliver, *Docket No. 90152*

On December 3, 2024, appellant Anthony Posey filed a postconviction habeas petition challenging the computation of time served, specifically the failure to award him credits for labor and study pursuant to NRS 209.4465(2). In his petition, Posey alleged he had exhausted his administrative remedies by sending kites[3] to his caseworker, a letter to "OMP,"[4] and "several AR 740 grievances." Posey attached documents to his petition in support of his exhaustion claim. Among those documents were multiple inmate request forms, two informal grievances, and an improper grievance memo addressing one of the informal grievances.

The district court ordered a response, and the Attorney General's Office argued Posey's petition should be denied because his claim

---

[3] A kite is "a written request for services or other assistance within the prison." *Ybarra v. State*, 127 Nev. 47, 59 n.9, 247 P.3d 269, 277 n.9 (2011).

[4] It appears Posey was referring to the Nevada Department of Corrections Offender Management Division.

for additional credits was without merit. The district court entered an order denying the petition on the merits. The district court's order did not address whether Posey had exhausted all available administrative remedies before filing his petition.

## DISCUSSION

Hall challenges the loss of statutory credits following a disciplinary hearing, and Posey alleges he was entitled to additional statutory credits toward his sentence. Accordingly, both challenge the computation of time served pursuant to a judgment of conviction, and a postconviction petition for a writ of habeas corpus "[i]s the only remedy available to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of conviction." NRS 34.724(2)(c); *see also Griffin v. State*, 122 Nev. 737, 742-43, 137 P.3d 1165, 1168-69 (2006) (interpreting the language of NRS 34.724(2)(c) as logically referring to "credit earned after a petitioner has begun to serve the sentence specified in the judgment of conviction").

In 2019, the Nevada Legislature amended NRS 34.724 in two nearly identical ways. To the language identifying who can file a postconviction habeas petition challenging the computation of time served, the legislature added the caveat "after exhausting all available administrative remedies." 2019 Nev. Stat., ch. 500, § 1, at 3008. To the language identifying such a petition as the only remedy for computation challenges, the legislature added "after all available administrative remedies have been exhausted." *Id.* The current version of the statute provides, in relevant part, that "[a]ny person convicted of a crime and under sentence of death or imprisonment . . . who, after exhausting all available administrative remedies, claims that the time the person has served pursuant to the judgment of conviction has been improperly computed may

file a petition" to challenge the computation of time served and that such a petition "[i]s the only remedy to an incarcerated person to challenge the computation of time that the person has served pursuant to a judgment of conviction, after all available administrative remedies have been exhausted." NRS 34.724(1), (2)(c).

The legislature also amended NRS 34.810, a statute detailing various procedural bars to postconviction habeas petitions and outlining bars regarding scope and waiver in NRS 34.810(1). The legislature added language to NRS 34.810(4) that required the dismissal without prejudice of a petition challenging computation if a petitioner did not exhaust all available administrative remedies for such a challenge. *See* 2019 Nev. Stat., ch. 500, § 3, at 3010. The resulting language resembled NRS 34.810(1) in that both stated the court "shall" dismiss a petition if certain conditions were not met. *Compare* 2019 Nev. Stat., ch. 500, § 3, at 3010 ("(4) The court shall dismiss a petition without prejudice if . . . [t]he petitioner challenges the computation of time that the petitioner has served . . . and . . . [t]he court determines that the petitioner did not exhaust all available administrative remedies to resolve such a challenge . . . ."), *with id.* at 3009-10 ("(1) The court shall dismiss a petition if the court determines that" the petitioner pleaded guilty and the claims do not relate to the voluntary or knowing nature of the plea or to the effective assistance of counsel in entering the plea or the petitioner was convicted after a trial and the claims could have been previously raised or presented). Minor changes and movement to the statute occurred in 2023, *see* 2023 Nev. Stat., ch. 249, § 19, at 1631-32, and the current version of the statute provides that "[t]he court shall dismiss a petition that challenges the computation of time served pursuant to a judgment of conviction without prejudice if the court

determines that the petitioner did not exhaust all available administrative remedies to resolve such a challenge as required by NRS 34.724." NRS 34.810(2).

As amended in 2019, the plain language of NRS 34.724 and 34.810(2) mandates that a postconviction habeas petitioner challenging the computation of time served pursuant to a judgment of conviction must exhaust all available administrative remedies before filing their petition. Otherwise, the district court must dismiss the petition without prejudice. Further, because the language regarding dismissal was placed in a statute outlining procedural bars, uses the word "shall," and mimics language regarding another procedural bar, we hold that the exhaustion of all available administrative remedies is a procedural bar to such a petition being considered on the merits. And the application of procedural bars is mandatory. *See State v. Eighth Jud. Dist. Ct. (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005); *see also Thomas v. State*, 88 Nev. 382, 384, 498 P.2d 1314, 1315 (1972) (providing that "shall" is generally construed as mandatory). Therefore, a court must determine whether a petitioner has exhausted all available administrative remedies before considering the merits of any claim in a postconviction habeas petition challenging the computation of time served pursuant to a judgment of conviction. *Cf. Riker*, 121 Nev. at 234, 112 P.3d at 1076 (concluding that extraordinary relief was warranted because "the district court had a duty imposed by law to consider whether any or all of Riker's claims were barred under NRS 34.726, NRS 34.810, and NRS. 34.800, or the law of the case previously pronounced by this court").

Here, the district court orders made no mention of whether Hall and Posey had exhausted all available administrative remedies before filing

their petitions challenging the computation for time served. Rather, the court proceeded to directly address the merits of Hall's and Posey's petitions. The district court's apparent failure to consider the procedural bar in NRS 34.810(2) and determine whether Hall and Posey overcame that bar was in error. Because application of procedural bars is mandatory, we must consider whether Hall and Posey overcame this procedural bar by exhausting all available administrative remedies before filing their petitions.

Generally, in order to exhaust administrative remedies, "[t]he prison's grievance process requires an inmate to first file an informal grievance, followed by first- and second-level formal grievances." *Abarra v. State*, 131 Nev. 20, 22 n.1, 342 P.3d 994, 995 n.1 (2015); *see generally* NDOC AR 740. As relevant here, NRS 34.733 provides that a postconviction habeas petition challenging the computation of time served "must be in substantially" the form outlined in the statute. To help a petitioner demonstrate the exhaustion of administrative remedies, the mandatory form includes a question as to whether the petitioner has "filed a grievance raising the same computation of time issue as you are raising in this petition." If so, the form asks the "[n]umber assigned to your grievance," the result, whether the petitioner "complete[d] all levels of the grievance procedure," and if not, why. *Id.* The form instructs a petitioner that they "must include facts which support your grounds for relief" and may "submit additional pages if necessary with this form."

In determining whether Hall and Posey exhausted all available administrative remedies, we are obliged to consider whether they made specific factual allegations regarding the exhaustion of all available administrative remedies that, if true, would entitle them to consideration

of their petitions on the merits. *See Riker*, 121 Nev. at 232, 112 P.3d at 1075 (holding that a postconviction habeas petitioner must plead specific facts to overcome the procedural bars and "cannot rely on conclusory claims for relief but must provide supporting specific factual allegations that if true would entitle him to relief"); *see also Evans v. State*, 117 Nev. 609, 621, 28 P.3d 498, 507 (2001), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n.5 (2015). Such allegations must be on the face of the petition. *See Chappell v. State*, 137 Nev. 780, 788, 501 P.3d 935, 949 (2021) (holding that a petitioner seeking to overcome a procedural bar when challenging the validity of a judgment or sentence in a postconviction habeas petition must, on the face of the petition, "identify the applicable procedural bars for each claim" and allege "specific factual allegations, not belied or repelled by the record, that would entitle him or her to relief if true" (emphasis omitted)).

In his petitions, Hall alleged he had appealed the result of his disciplinary hearing to an operations warden using the administrative grievance procedure. He further alleged that his "first level appeal" had been denied by an associate warden. We conclude these allegations alone were not sufficient to demonstrate Hall overcame the procedural bar in NRS 34.810(2) because Hall alleged no facts related to a second-level grievance. Even considering information that was not presented on the face of the petitions, namely Hall's reply and supporting documents,[5] there was no allegation about a second-level grievance. Rather, the documents support the conclusion that Hall's grievance process stopped at the first level. Therefore, we conclude Hall did not make specific factual allegations

---

[5]NRS 34.750(5) disallows further pleadings "except as ordered by the court."

regarding the exhaustion of all available administrative remedies that, if true, would entitle him to consideration of his petitions on the merits. *Cf. Plummer v. State*, No. 90155-COA, 2025 WL 3170996 (Nev. Ct. App. Nov. 12, 2025) (Order of Affirmance) (concluding the district court properly considered the merits of a postconviction habeas petition challenging the computation of time served where the petitioner alleged in his petition that he had exhausted all administrative remedies and attached to the petition his informal, first-level grievance, and second-level grievance for statutory credits and where the record supported the petitioner's allegation regarding exhaustion).

As for Posey, he alleged in his petition that he exhausted his administrative remedies by sending kites, a letter, and "AR 740 grievance[s]." But Posey's exhibits only showed two informal grievances submitted by Posey, one of which received an improper grievance memo in return. Posey did not allege any facts related to a first- or second-level grievance.[6] Therefore, we conclude Posey did not make specific factual allegations regarding the exhaustion of all available administrative remedies that, if true, would entitle him to consideration of his petition on the merits. *Cf. id.*

In light of the above, we conclude Hall's and Posey's petitions should have been dismissed without prejudice because of the procedural bar outlined in NRS 34.810(2)—the exhaustion of all available administrative remedies before filing a petition challenging the computation of time served pursuant to a judgment of conviction. Although the district court

---

[6]We note neither Posey nor Hall argued that exhaustion of all available administrative remedies was futile. *Cf. Abarra*, 131 Nev. at 23, 342 P.3d at 996.

erroneously denied the petitions on the merits without first determining whether Hall and Posey had exhausted all available administrative remedies, we nevertheless conclude the district court properly denied the requested relief because the petitions should have been dismissed without prejudice. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding a correct result will not be reversed simply because it is based on the wrong reason). Accordingly, we affirm the district court's orders.[7]

_____, C.J.
Bulla

_____, J.     _____, J.
Gibbons                          Westbrook

---

[7]As concluded above, the district court should have dismissed Hall's and Posey's petitions without prejudice. Nothing in this opinion should be construed as precluding Hall or Posey from filing a postconviction habeas petition challenging the computation of time served after the exhaustion of all available administrative remedies.